## WILLIAMS *vs.* LARKIN and another.

Where an alteration of school districts made by the proper officers affected three districts, and the trustees of two of the districts consented to the alteration, but the trustees of the other district did not consent; *held* that the alteration took effect immediately as to those districts whose trustees consented, notwithstanding the provisions of 1 *R. S.* 471, § 22, requiring notice and the lapse of three months before an alteration takes effect, where the trustees do not consent.

Where the notice of a special district school meeting stated that it was to be held " for the purpose of buying or building a school house," and a tax was voted to purchase a school house already built; *held* sufficient, and that the tax was legal.

It is not necessary for the district meeting to designate a site for a school house before laying a tax. *Per* BRONSON, C. J.

A tax voted to pay for a school house already purchased, is a sufficient designation of the site.

It is not a good objection to a tax to pay for a school house, that the title to the property had not been acquired; but the trustees ought not to pay out the money until they obtain a conveyance.

The rule that an objection not raised at the trial is waived, applied to the case of trustees of a school district justifying the selling of the plaintiff's property on a warrant issued for the collection of one dollar more than the amount of the tax voted by the district meeting, where the point was not taken at the trial; the statute (in a proper case) permitting other expenses not embraced in the vote to be included in the warrant.

ERROR to Onondaga C. P. Williams sued Larkin and Cole before a justice, and declared in trespass for taking and selling certain personal property. The defendants were trustees of school district No. 3, in Van Buren, Onondaga county: they issued a warrant for the collection of a tax which had been voted

by the district for purchasing a school house; the plaintiff was an inhabitant of the district, and one of the persons taxed; the collector took and sold his property to pay the tax; and for that taking this action was brought. The complaint is, that the proceedings were not regular and lawful. Prior to the 5th of January, 1844, the plaintiff was in school district No. 14 in Van Buren. On that day the town superintendent with the supervisor and town clerk annexed a part of district No. 14, including the plaintiff, to district No. 3; the residue of No. 14 was annexed to district No. 13; and district No. 14 was annulled. The trustees of No. 3 and No. 14 consented to these alterations; and notice of the alteration was given to the trustees of No. 13, who had not consented. The trustees of No. 3 called a special district meeting for the 29th of February, 1844; the notice for which was in writing, signed by the trustees, and stated that the meeting was to be held "for the purpose of buying or building a school house, and for the transaction of such other business as the meeting may deem necessary." The meeting adjourned to the 28th of March, when the district voted to raise a tax of two hundred and ten dollars for the payment of a school house and site, purchased of Belden Ressigue. It was also resolved to have a quarter of an acre of land for the site. The list annexed to the warrant issued by the trustees states the tax to be, "for the purpose of raising the sum of two hundred and *eleven* dollars laid and charged on the said district according to law." The justice gave judgment for the defendants, which the common pleas affirmed. The plaintiff brings error.

*S. C. Parker*, for the plaintiff in error.

*D. C. Le Roy*, for the defendants in error.

*By the Court*, BRONSON, Ch. J. The town superintendent, associated with the supervisor and town clerk, had ample authority to alter the districts. (1 *R. S.* 470, § 20. *Stat.* 1843, *p.* 163, § 1 *to* 3.) We are referred to the *Statutes of* 1831, *p.* 47, § 1 *to* 3; but this was not a case within that statute. There

was no change of the site, nor removal of a school house: and of course no vote of district number 14 was necessary.

The next objection is, that as the trustees of district number 13 did not consent, the alteration of the districts did not take effect until three months after notice was given to those trustees, (1 *R. S.* 471, § 22,) and that time had not elapsed when the tax was voted. But the trustees of number 14, from which the plaintiff was taken, and of number 3, to which he was annexed, consented to the alteration ; and so far as those two districts are concerned, the alteration took effect immediately. No question arises in this case concerning the other alteration, which affected district number 13, and the residue of number 14. Although both alterations were made at one time, they were not in their nature inseparable acts; and I see no reason why they might not take effect at different periods.

The object of the special district meeting was sufficiently stated in the notice. There is nothing in the statute, (§ 63,) which required it to be more specific.

It is not, I think, necessary to designate a site, before laying a tax to build a school house. (*Benjamin* v. *Hull*, 17 *Wend.* 437.) And besides; this was a tax to pay for a school house and site already purchased. Of course the site was sufficiently designated. Nothing remained to be settled but the quantity of land ; and that the meeting determined should be a quarter of an acre.

It is no objection to the tax that the title to the property had not been acquired. As a matter of prudence the trustees ought not to part with the money without receiving a conveyance ; but that question usually arises after the tax has been collected.

The next objection is, that the warrant directs the collection of two hundred and eleven dollars, when the tax voted was one dollar less than that sum. This objection was not made on the trial. If it had been taken then, it might have been obviated. This dollar may have been for some expense incurred by the trustees, and made by law a charge on the district; and then the trustees can raise the amount by tax, without a vote for that purpose. (*Stat.* 1841, *p.* 238, § 14.) We cannot allow a party

to start a question here, which, if made at the proper time, might have been successfully answered.

We see nothing in the remaining questions, which calls for any special remark.

Judgment affirmed.