JOHN H. ALBRIGHT, ADMINISTRATOR, &c., RESPONDENT, *v.* JAMES H. RIKER, TRUSTEE, &c., APPELLANT.

*School district—may agree to build and repair a division fence—such contract may be made before a tax to pay for it has been voted.*

A school district has power to authorize its trustee to accept a conveyance of land to be used as a site for a public school, and to agree, as part of the consideration for the conveyance, that the district shall build and keep in repair the whole of the division fence between such land and adjoining land of the grantor.

Such a contract is valid though made before any tax to build or repair the fence has been voted.

APPEAL from a judgment entered upon an order overruling a demurrer to the complaint, and upon the report of a referee appointed to assess damages herein.

*C. Mason,* for the appellant.

*J. H. Camp,* for the respondent.

SMITH, J.:

The action was commenced by the plaintiff's intestate, Abraham Albright, and on his death, the present plaintiff was substituted in his place. The complaint alleged an agreement by the defendant to build and keep in repair a division fence between his land and the land of the intestate, and it demanded specific performance and damages for a breach of the agreement. The complaint alleged that the said agreement was a part of the consideration of a deed of land executed by the intestate to the defendant, as school district trustee, and was incorporated in the said deed. The deed was annexed to the complaint, and it appeared therefrom that the land was to be used as a public school site only, and that the deed was made and received upon the express condition " that the title and estate of the grantee and his successor, in the said premises, should cease when the said use should cease, and should thereupon be vested in the grantor, his heirs and assigns ; the district to build the fence and keep it in repair." The complaint alleged that the

defendant, as trustee, was duly authorized by a vote of the inhabitants of the district, to enter into the agreement; that the deed was delivered and accepted by a vote of the district, and that the district refused to build the fence, and in consequence thereof the lands of the intestate have remained open.

The principal point urged in support of the demurrer is that the conveyance is a conditional deed or lease, the effect of which is to burden the district with a perpetual expense for the purpose of keeping the division fence in repair, and that the agreement is *ultra vires.* It has been held by the superintendent of public instruction that a school district has no authority by law to take a perpetual lease for the site of a school house, entailing an endless debt and involving the necessity of raising an annual tax, for all time, to pay the rent. (Code of Public Instruction [1868], 367; ld. [1879], 470.) But the instrument in question is not a lease, it does not reserve rent, and the obligation it imposes upon the district does not necessarily subject the district to a yearly tax. It is of the same nature as the obligation which the law would have imposed on the district, of keeping in repair its portion of the division fence. It differs only in extent. That the district had power to agree to build and keep in repair the whole of the division fence, instead of its proportion under the statute, as a part of the consideration for which the land was deeded, can hardly be doubted. It had the same power as any other land owner, in respect to agreeing with the adjoining proprietor for the maintenance of the division fence between their respective lands.

Another point urged is, that the complaint is insufficient, because it does not allege that the district had by vote designated the granted premises as a site for a school-house, and had not voted a tax to build the fence or keep it in repair. We do not think it was necessary to allege those particulars. The action was on the agreement to build the division fence and keep it in repair, and it was enough to aver that the district had purchased the land and taken a deed of it for a school-house site, and that the trustee was authorized to make the agreement in behalf of the district. It would not have been proper pleading to set out the evidence of the facts alleged. The contract was valid, although made before a tax had been voted

or raised to meet it. In *Williams* v. *Larkin* (3 Den., 114), a school-house had been purchased before a tax had been voted to pay for it, and a tax subsequently voted for the purpose was held legal.

Some other points were raised by counsel in support of the demurrer, but they do not require comment. The demurrer was properly overruled.

The appeal from the judgment on the report of the referee brings up only the judgment roll. There is no case annexed to it. There is what purports to be a copy of a paper indorsed "Minutes of referee," but there is no evidence that it has been settled or signed as a case, and it cannot be considered on this appeal. No error appears upon the judgment roll. The facts found by the referee support his legal conclusions, and the judgment should be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed, with costs.