THELMA B. SCHNEPEL et al., Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Defendant.

Supreme Court, Special Term, Monroe County, May 31, 1949.

*William H. Emerson, Corporation Counsel (Frederick J. Wilkens of counsel), for defendant.*

*MacFarlane, Harris and Goldman* for plaintiffs.

WHEELER, J. Plaintiffs desire to enjoin and restrain defendant from authorizing and permitting the giving of private dancing lessons in the public schools of the city of Rochester, and from permitting use of the public school buildings for that purpose. The action is brought under the authority of section 51 of the General Municipal Law which permits an action by certain taxpayers against "All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them * * * to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to * * * any property, funds or estate of such county, town, village or municipal corporation * * *."

Plaintiffs allege that the acts sought to be enjoined constitute a waste of the public moneys and insist that such an action may be properly brought under section 51 of the General Municipal Law. The defendant urges that plaintiffs' action cannot be maintained under this section for the reason that the members of the board of education of the city of Rochester are officers of a school district, and that a school district is not a " municipal corporation " as that term is used in section 51. There seems to be little question, after *Blackburn* v. *Clements* (297 N. Y. 971), but that a school district is not a " municipal corporation " within the meaning of section 51 of the General Municipal Law. This is at least settled where the defendant is the board of education of a rural or nonurban school district. There remains the question as to whether or not the board of education of a city is a " municipal corporation " any more than its rural counterpart.

The law is well settled that the board of education of the city of New York is such a municipal body as will subject it to an action under the provisions of section 51. (*Lewis* v. *Board of Education of City of N. Y.*, 258 N. Y. 117; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297.) Also, upon the reasoning of *Warnock* v. *Wray* (194 N. Y. S. 396) it might be held that the board of education of the city of Rochester has likewise a dual role and may be considered a municipal corporation for certain functions not strictly educational.

However, this question need not concern us here, for even though the defendant board were a municipal corporation for some functions, it is apparent that the board is also an agent or arm of the State and acts exclusively as such in the exercise of certain other powers, not the most ambiguous of which are those delineated by statute. It must first be determined whether the defendant in its performance of the acts alleged in the complaint was acting in behalf of the city or the State of New York. (*Olmstead* v. *Meahl*, 219 N. Y. 270.)

The acts of which the plaintiffs complain all grow out of the exercise, by the defendant board, of powers either provided by the Education Law pertinent to the use of the public school buildings and property or inherent in its control over its teaching employees. Though the complaint is not clear whether the school property is being used for the allegedly objectionable purposes during or after school hours, in either case the authority of the board of education rests upon a directive of the State Legislature. (Education Law, § 2054, subd. 4; § 414.) And, in view of the fixed policy of the State to regard public education as a State and not a local function, the board of education in the exercise of its authority to prescribe the duties of its employees, is obviously performing a State rather than a local function.

Whether the subject activities permitted and authorized by the defendant are improper and illegal or the result of an exercise of discretion regarding which there may be an honest difference of opinion, is not a question to be considered here, for the reason that the board of education in so acting, whether rightfully or wrongfully, has exercised powers specifically reserved to the State in its control of public education; in these functions, the board acts solely as an agent of the State. The State is not enumerated by section 51 of the General Municipal Law as one of the political subdivisions against which an action may be maintained under that section.

The complaint is, therefore, dismissed.

Submit order accordingly.