THELMA B. SCHNEPEL et al., Appellants, *v.* BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Respondent.

Argued November 20, 1950; decided January 18, 1951.

*Ruben A. Dankoff* for appellants. A taxpayers' action may properly be brought against this defendant. (*Lewis* v. *Board of Educ. of City of N. Y.*, 258 N. Y. 117; *Rees* v. *Teachers' Retirement Bd.*, 247 N. Y. 372; *Matter of Hirschfield* v. *Cook*, 227 N. Y. 297; *Warnock* v. *Wray*, 194 N. Y. S. 396.)

*William H. Emerson, Corporation Counsel* (*James H. Boomer* of counsel), for respondent. A taxpayers' action may not be maintained against the board of education. (*Olmsted* v. *Meahl*, 219 N. Y. 270; *Blackburn* v. *Clements*, 297 N. Y. 971; *Divisich* v. *Marshall*, 281 N. Y. 170; *People ex rel. Elkind* v. *Rosenblum*, 184 Misc. 916, 269 App. Div. 859, 295 N. Y. 929; *Brooks* v. *Wyman*, 246 N. Y. 534.)

*Per Curiam.* Section 51 of the General Municipal Law authorizes actions by taxpayers against illegal acts of " all officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state ". Section 2 of the same statute defines a " municipal corporation " as including " only a county, town, city and village."

A board of education is not a municipal corporation within the meaning of the above provisions (see *Hamilton* v. *Baker,*

243 N. Y. 578; *Brooks* v. *Wyman,* 246 N. Y. 534; *Blackburn* v. *Clements,* 297 N. Y. 971). Suggestion of a contrary viewpoint may be found in *Lewis* v. *Board of Educ. of City of N. Y.* (258 N. Y. 117) but, in our opinion, should not be accepted.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and and FROESSEL, JJ., concur.

Judgment affirmed.