WILLEBY T. CORBETT et al., Plaintiffs, v. UNION FREE SCHOOL DISTRICT No. 21, TOWN OF HEMPSTEAD, NASSAU COUNTY, et al., Defendants.

Supreme Court, Special Term, Nassau County, March 26, 1951.

*Sanford A. Davison* for plaintiffs.

*Harrison B. Wright* for defendants.

C. A. JOHNSON, J. In this action, the plaintiffs, residents and taxpayers of the defendant school district, seek judgment declaring invalid the proceedings at a special school district meeting and restraining the board of education from acting thereon.

Union Free School District No. 21 of the Town of Hempstead, Nassau County, New York, is a school district having a population of over 5,000, and includes much of the village of Rockville Centre. On October 17, 1950, a special school district meeting was held in the district. The calling, holding and conducting of the meeting are not challenged; the attack made herein is directed solely to the form of the proposition submitted to the meeting and carried by a substantial majority upon a vote by ballot. The proposition reads as follows:

### Proposition No. 1

Shall the following resolution be adopted:

Resolved that the Board of Education of Union Free School District No. 21, Town of Hempstead, Nassau County, New York, is hereby authorized to construct and equip two new grade schools, a new senior high school and convert by necessary reconstruction the present high school into a junior high school, including the acquisition of necessary land, at a total estimated cost of $3,735,000.00 as follows:

(a) construction and equipping of a new grade school, including acquisition of additional land, on the school site now owned at the northwest corner of Oceanside Road and Willow Street in said School District, $805,000.00;

(b) construction and equipping a new senior high school, including acquisition of necessary land, $2,160,000.00;

(c) conversion of the present high school into a junior high school by necessary reconstruction thereof, $180,000.00;

(d) construction and equipping of a new grade school, including acquisition of necessary land at the southwest corner of Lakeview Avenue and Village Avenue running from Village Avenue through to Centre Avenue and containing approximately 2.8 acres in said School District, $590,000,00;

and such sum of $3,735,000.00, being the total of the aforesaid amounts, shall be raised by tax upon taxable property of said School District to be levied and collected in annual installments as provided by Section 416 of the Education Law.

The plaintiffs claim that this proposition was illegal for several reasons: first, that it violated section 401 of the Education Law, section 416 of the Education Law, section 1709 of the Education Law, and subdivision 7 of section 2015 of the Education Law, in that the several school sites planned to be acquired were not sufficiently designated in the proposition or described by metes and bounds; second, that subdivision " (b) " of the proposition adopted involves the change of the senior high school site of the district and that pursuant to subdivision 3 of section 401 of the Education Law the new site must be approved by a majority of the regular voters and described by metes and bounds; third, that it was improper to include within the same proposition appropriations for several different purposes.

Before considering the plaintiffs' contentions, it will be necessary to pass upon a motion by the defendants to dismiss the proceeding. Defendants contend that the action is to all intents and purposes a taxpayers' action maintained pursuant to section 51 of the General Municipal Law and that the right to maintain such an action has been specifically denied by the decision of the Court of Appeals in *Schnepel* v. *Board of Educ. of City of Rochester* (195 Misc. 371, affd. 276 App. Div. 943, affd. 302 N. Y. 94). The controversy in the *Schnepel* case had to do with the use of school buildings, a far different subject than the regularity and legality of a proposition involving the levying of taxes upon all the property within a school district. The extent to which the courts may review controversies over the management of the public schools, whether taking the form of taxpayers' actions under the General Municipal Law or otherwise, has been long debated in this State and the decisions with respect thereto are by no means consistent (*Schnepel* v. *Board of Educ. of the City of Rochester, supra; Judd* v. *Board*

*of Educ.*, 278 N. Y. 200). But even if a board of education or a school district is not a municipal corporation as defined by the General Municipal Law, this court is unwilling to conclude that action of a board of education in issuing bonds or levying taxes upon the district would be wholly beyond the power of the court to restrain or control if found to be illegal. The contentions of the plaintiffs herein will be considered upon their merits.

The court has reached the conclusion that by reason of the fact that Union Free School District No. 21 is a union free school district having a population of over 5,000, the failure to describe proposed school sites by metes and bounds in the proposition submitted was not improper. The several sections of the Education Law heretofore referred to indicate a legislative intent to place in the hands of boards of education of union free school districts containing a population of 5,000 or over the power to designate school sites. The language of sections 416, 1709 and subdivision 7 of section 2015 of the Education Law, when read together with section 401, indicates no restriction on this power of such boards of education. No school site has yet been acquired for the new high school authorized by subdivision "(b)" of Proposition No. 1. It has never been regarded as necessary in this State that the designation or acquisition of a school site must precede an appropriation for a school building; there is ancient law to the contrary (*Benjamin* v. *Hull*, 17 Wend. 437; *Williams* v. *Larkin*, 3 Denio 114). There is, indeed, some inconsistency in the language of the several sections of the Education Law already referred to, but the most reasonable interpretation of the law as a whole seems to be that subdivision 2 of section 401 of the Education Law confers a broad power to select sites upon boards of education of union free school districts having a population of more than 5,000; that the power to select or designate a site is separate from the appropriation of funds; and if the voters of such a school district are willing to vote a tax for the purchase of a site, leaving the selection entirely to the board of education, there is nothing in the statutes to prevent it. A diligent examination of the law by counsel has failed to reveal any express authority in support of this attack upon the proposition as adopted, and where language looking in that direction is included in any reported opinion of the courts or the Commissioner of Education, it will be found upon examination to have been used with respect to facts not existing in this litigation.

Nor did subdivision "(b)" of Proposition No. 1 as adopted involve a change of school site necessitating a description by

metes and bounds pursuant to subdivision 3 of section 401 of the Education Law. It is not intended to discontinue the use of the present senior high school for school purposes; in fact, it will still be a high school, and the plaintiffs' contention in this regard seems completely answered by the opinion of Mr. Justice JAYCOX in *Board of Educ. of School Dist. No. 1, Town of Hempstead* v. *Harper* (191 N. Y. S. 273).

The remaining ground upon which the proposition is attacked by plaintiffs is its provision for four separate and distinct building projects. These contentions, also, the court concludes, must be rejected. No language contained in the Education Law or elsewhere prohibits the inclusion in a single proposition of a comprehensive program for school development in a district. The board of education is necessarily vested with a large discretion in the form of a proposition to be submitted to a district meeting and in a large district where rapid and considerable increases in population have occurred, propositions in the form here employed may well be found by boards of education to be not only desirable but necessary if the physical needs of the district are to be wisely met. The power remains in the hands of the voters of the district to defeat a proposition not satisfactory to the majority. If the inhabitants of the district have sufficient confidence in their board of education to carry a proposition in the form here employed, this court believes that they have the legal power to do so.

There will be judgment on the merits for the defendants. No costs.

Proceed on notice.