ETTORE MANCUSO, Respondent, v. BOARD OF EDUCATION OF SCHENECTADY CITY SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court entered in Schenectady County, which granted a motion to strike out certain affirmative defenses alleged in the answer, and denied defendant's cross motion to dismiss the complaint on the grounds that the court was without jurisdiction, and that the complaint failed to state a cause of action. The complaint seeks judgment declaring and determining that the constitutional tax limit of the defendant school district is 1¼% of the average full valuation of the taxable real property; declaring unconstitutional a portion of subdivision 1 of section 2701 of the Education Law, and restraining the defendant from adopting a budget requiring a tax levy in excess of 1¼% unless and until certain alleged constitutional requirements have been met. Appellant contends that the cause of action alleged in the complaint is in reality a taxpayer's action under section 51 of the General Municipal Law and that such an action will not lie against a board of education because it is not a municipal corporation within

the purview of that statute. (*Schnepel* v. *Board of Educ. of City of Rochester,* 302 N. Y. 94.) While the complaint contains many allegations usually found in a taxpayer's action, it does not necessarily follow that it must be construed as that type of action to the exclusion of any other type. The complaint adequately alleges a controversy between the parties as to the constitutionality of its taxing procedures and seeks a declaratory judgment to determine uncertain legal relations between the parties. There could be no doubt that such an action for a declaratory judgment may be maintained, and that the Supreme Court has power to entertain jurisdiction thereof. (Civ. Prac. Act, § 473.) The portions of the answer which were stricken out either relate to the complaint if it be treated as a taxpayer's action, or are mere unnecessary conclusions. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Imrie, J., taking no part. [See 283 App. Div. 839.]