In the Matter of HORACE F. KUHN, Petitioner, against COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Sullivan County, September 26, 1955.

*Edward M. Horey* for petitioner.

*Charles A. Brind, Jr.,* and *John P. Jehu* for respondent.

HAMM, J.  This proceeding is brought under article 78 of the Civil Practice Act to review a decision of the Commissioner of Education.

On December 16, 1954, in Central School District No. 1 of the Towns of Yorkshire, Freedom, Farmersville and Machias, Cattaraugus County, and Arcade, Wyoming County, a special election was held for the dual purpose of voting on the acquisition of land and also on the construction of a new school on land already owned and the land to be acquired. The proposal for acquisition and the proposal for building were joined in a single proposition in such manner that the voters had only the choice of accepting both items or rejecting both items.  The proposition separately specified the amounts authorized for each part of the proposition.  Under the provisions of paragraph d of section 104.00 of the Local Finance Law a two-thirds vote was required.

At the special election there was a total of 1,129 ballots consisting of 736 affirmative votes, 364 negative votes, 10 blank ballots and 19 ballots announced as defective and void.  Excluding ballots wholly blank or improperly marked the proposition was carried by two votes in excess of the requisite two thirds (*Matter of Colson* v. *Allen,* 285 App. Div. 797).  After the ballots were counted they were deposited in the ballot box, which was then sealed.  On the following day the president of the board of education extracted all the ballots from the ballot box for the purpose of returning the box to the municipality from which it had been borrowed.  Of course he should not have done so.  He placed the disputed ballots in a sealed envelope and this envelope together with the valid ballots was placed in a safe in the office of the high school principal.  Thereafter an appeal was taken to the Commissioner of Education on grounds which will be subsequently considered.  The commissioner dismissed the appeal, after which this proceeding was instituted.

While section 310 of the Education Law gives the commissioner the power to determine disputes concerning all matters

under the Education Law and expressly states that his determination in such matters shall not be subject to " question or review in any place or court whatever ", the courts have not held that this prevents a judicial review of an arbitrary or unlawful act on his part (*Matter of Fabricius* v. *Graves,* 254 App. Div. 19; *Matter of Beam* v. *Wilson,* 279 App. Div. 277). The case under consideration falls under section 2037 of the Education Law which provides as to review: " All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review." It seems that this section forecloses review only to the extent that review is limited in a case arising under section 310 (*Matter of Colson* v. *Allen,* 285 App. Div. 797, 798, *supra*). However, the commissioner's decision was not arbitrary either factually or legally.

The first point at issue involves the twenty-nine blank and void ballots, which the petitioner claims were improperly counted as such. It is provided in subdivision 1 of section 1804 of the Education Law that: " Except as provided in this article, all the provisions of this chapter or of any other general law relating to or affecting union free school districts shall apply to central districts organized as herein provided." Paragraph d of subdivision 3 of section 2034 of the Education Law insofar as here pertinent recites: " The whole ballot is void if the voter * * * in a union free school district meeting or election, makes any mark thereon other than a cross X mark in a voting square ".

The commissioner required the twenty-nine disputed ballots to be submitted to him and, on notice to the appellants' attorneys, received affidavits connecting the twenty-nine ballots submitted to him with the twenty-nine ballots deposited in the ballot box on the night of the election. On the record before him he was not arbitrary in finding that the ballots submitted were the ballots previously so deposited. An inspection of the ballots discloses that those ballots which were not blank were so defective as to be void.

The next principal objection is that the acquisition of part of the site necessary for a new school and the construction of such school were joined in a single proposition so that the voters did not have an opportunity to vote " yes " or " no " on each component part of the proposition. In *Corbett* v. *Union Free School Dist. No. 21 Town of Hempstead* (199 Misc. 930), where

there was in issue the regularity and legality of a proposition involving the levying of taxes on the property within a school district, the court, distinguishing *Schnepel* v. *Board of Educ. of City of Rochester* (195 Misc. 371, affd. 276 App. Div. 943, affd. 302 N. Y. 94), considered the contentions of the plaintiffs on their merits. At page 934 it was stated: "The remaining ground upon which the proposition is attacked by plaintiffs is its provision for four separate and distinct building projects. These contentions, also, the court concludes, must be rejected. No language contained in the Education Law or elsewhere prohibits the inclusion in a single proposition of a comprehensive program for school development in a district. The board of education is necessarily vested with a large discretion in the form of a proposition to be submitted to a district meeting and in a large district where rapid and considerable increases in population have occurred, propositions in the form here employed may well be found by boards of education to be not only desirable but necessary if the physical needs of the district are to be wisely met. The power remains in the hands of the voters of the district to defeat a proposition not satisfactory to the majority. If the inhabitants of the district have sufficient confidence in their board of education to carry a proposition in the form here employed, this court believes that they have the legal power to do so." The Appellate Division unanimously affirmed (278 App. Div. 960).

Referring again to the ballots, the petitioner claims that the determination of their nature was made not by the inspectors of election but by the attorneys for the board of education or the board of education itself. The court may consider only such evidence as was presented to the commissioner (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 177; *Matter of Moore* v. *Macduff,* 309 N. Y. 35, 42). The record before the commissioner amply established that the decision as to the nature of the blank and void ballots was made by the inspectors of election.

The petitioner as one of the appellants before the commissioner also urged other relatively minor matters in support of the request on appeal but the commissioner was not unreasonable in finding on the papers before him no irregularities which in any way affected the right of qualified voters to cast their ballots. The commissioner had previously held that the action of a school district election would not be set aside unless substantial grounds were shown affecting the franchise or its exercise (*Matter of Town of Eastchester,* 52 N. Y. St. Dept. Rep.

502; *Matter of Alden,* 70 N. Y. St. Dept. Rep. 105). Such administrative decisions are entitled to weight (*Matter of Hill* v. *Board of Educ. of Central School Dist. No. 2 of Town of Glenville,* 286 App. Div. 332, 338).

Finally, the petitioner urges that the determination under review was made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction, and that issues are raised under subdivisions 6 and 7 of section 1296 of the Civil Practice Act requiring the proceeding to be transferred to the Appellate Division. Under section 2037 of the Education Law the only review to which the petitioner is entitled is a determination as to whether or not the commissioner's decision was arbitrary or unlawful on the record before him. The weight of evidence is not reviewed except insofar as it is necessary to consider the evidence in the record before the commissioner to determine whether or not his decision was in law or fact arbitrary. *Matter of McGraw* v. *Wilson* (286 App. Div. 930) is not to the contrary as the case arose under subdivision 1 of section 306 of the Education Law, which expressly requires a hearing prior to removal of school officers.

The petition is dismissed on the merits.

Submit order.