John F. Scileppi, J.
In this action for a permanent injunction, plaintiffs move for an order restraining the defendants *547 from transferring students from Public School No. 109 to other schools during the pendency of the action. Defendants cross-move for an order dismissing the complaint for legal insufficiency.
Since 1953, a portion of Public School No. 109 has been used as a junior high school. Defendants have decided to devote the entire building to junior high school purposes, necessitating the transfer of all elementary grade pupils to other schools. About 500 of such pupils are between the ages of 5 and 11. Some of them will have to walk as much as a mile to the school designated for them.
While the court is sympathetic to the plight of the parents of these little children, there appears to be a procedural problem involved in this litigation. Defendants contend that plaintiffs’ remedy lies in a special proceeding pursuant to article 78 of the Civil Practice Act and that in any event a taxpayer’s action does not lie against a Board of Education. The Court of Appeals has held that a Board of Education is not a municipal corporation within the meaning of the statute authorizing a taxpayer’s action. (Schnepel v. Board of Educ. of City of Rochester, 302 N. Y. 94.)
Under the circumstances, the complaint must be dismissed without prejudice to the institution of a special proceeding under article 78 of the Civil Practice Act.
Submit order.