Edward Robinson, Jr., J.
Motion to dismiss each cause of action of the complaint (1) for insufficiency under rule 106 of the Rules of Civil Practice and (2) for lack of jurisdiction.
The complaint contains four causes of action. Based upon allegedly illegal acts by the defendant with respect to the approval and financing of certain improvements within the *2 district, the plaintiffs, who are residents and taxpayers in the district pray for a declaratory judgment and an injunction.
An examination of the first and second causes of action reveals allegations which, if true, warrant a declaratory judgment. ‘ ‘ Upon such a motion the test of the sufficiency of the pleading ‘ is not whether the complaint shows the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he- is entitled to a ; declaration of rights at alL If the complaint states the substance of a bonafide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated ’. (1 Anderson, Actions for Declaratory Judgments, p. 600; see, also, Latham & Co. v. Mayflower Inds., 278 App. Div. 90, 95.) ” (Baldwin v. City of Buffalo, 7 A D 2d, 386, 387.)
In the first cause of action it is contended that the referendum of November 19, 1959 was illegal under the Local Finance Law in that it approved ‘ ‘ the financing of the moving of existing buildings from their present location to other locations which object or purpose is not authorized; and not authorized by said law for financing purposes ”. In the second cause of action, it is contended the issuance of bonds for the financing of the construction of additions to certain Class “ C ” buildings was for a period in excess of that permitted by the Local Finance Law and is therefore illegal. Therefore, the motion to dismiss those actions as insufficient is denied.
Considering the question of jurisdiction, the court does not relegate aggrieved parties to proceedings before the Commissioner of Education in actions involving the interpretation of a statute (Corbett v. Union Free School Dist., 102 N. Y. S. 2d 924, 199 Misc. 930, affd. 278 App. Div. 960; Matter of Ross v. Wilson, 284 App. Div. 522; Mancuso v. Board of Educ., 282 App. Div. 1097). Moreover, insofar as the validation of bond issues is concerned, the Local Finance Law recognizes that an action may be brought within 20 days from the date of publication of the bond resolution (Local Finance Law, §§ 82-84).
Accordingly, the court, in the exercise of its discretion, will retain jurisdiction of the first and second causes of action.
With respect to the third and fourth causes of action, the motion is granted. The issues involved therein may be resolved on appeal to the Commissioner of Education or at the polls but the court sees no need for a judicial determination. Before the court will take jurisdiction there must, be in existence a justiciable issue, the determination of which wiil serve Some practical purpose. Settle order on notice.