Larry CARTER, et al., Plaintiffs,

v.

BROADLAWNS MEDICAL CENTER, et al., Defendants.

Civ. No. 84–800–E.

United States District Court,
S.D. Iowa, C.D.

Sept. 29, 1987.

Scott Hartsook, Des Moines, Iowa, for plaintiffs.

James L. Sayre, Becky S. Knutson, Des Moines, Iowa, for defendants.

ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on defendants' motion for a new trial and to amend the judgment and on plaintiffs' motion for attorney fees. A hearing was held on August 26, 1987. After careful consideration of the parties' briefs and arguments, and the additional testimony of Chaplain Maggie Rogers, the Court grants both motions in part and denies them in part.

*Defendants' Motion for a New Trial or to Amend the Judgment*

This case involved a challenge to the hiring of a tax-paid chaplain by Broadlawns Hospital. Plaintiffs alleged that a tax-paid chaplain at a county hospital violated the Establishment Clause, and sought to enjoin the hiring. This Court denied plaintiffs' request for a preliminary injunction on September 9, 1985. (See No. 32 in the Clerk's Memorandum of Papers). Following a bench trial, this Court entered a Memorandum Opinion and Order finding that, while a tax-paid chaplain arguably violated the Establishment Clause, the hiring was required under the Free Exercise Clause.

The Court's decision was premised on the finding that in-patients and psychiatric patients at Broadlawns were not free to come and go and, thus, were unable to freely exercise their religion unless a chaplain was on the premises. The Court further found that volunteer chaplains were unable to fill this void.

While the Court did permit BMC to hire a chaplain, it also restricted her duties somewhat. The Court enjoined the chaplain from providing religious services and counseling to BMC employees, out-patients and family members of patients who were not in life-and-death situations. The Court reasoned that these individuals were not restricted as in-patients and psychiatric patients were and that, therefore, they were able to seek out their own minister or religious counselor. BMC vehemently objects to these restrictions and has asked for a new trial or, in the alternative, an amended judgment.

The Court has carefully considered all the evidence at trial, counsels' arguments and briefs, and the additional testimony of Chaplain Rogers taken on August 26. The Court is persuaded that its Memorandum Opinion and Order dated July 9, 1987 was not in error, either factually or legally, and denies BMC's motion for a new trial. However, the Court does grant BMC's motion to amend the judgment in part, to permit Chaplain Rogers to provide counseling to patients who attend the oncology unit and their families.

In its July 9 order at page 28, this Court ruled that "[the chaplain] may provide grief counseling services to families that are at the hospital and for all practical purposes are not free to leave because a loved one is in a life-death situation." At the hearing on August 26, Chaplain Rogers testified that since the trial, she has begun working in BMC's oncology unit where she visits with patients who have been diagnosed as having cancer and their families. She further testified that while usually this is a life-or-death situation, the oncology unit is run on an out-patient basis. The Court has reconsidered that portion of its July 9 order prohibiting Chaplain Rogers from providing counseling to families and out-patients. The Court finds that the oncology unit involves life-or-death situations. Therefore, the Court amends its July 9 order to permit Chaplain Rogers to provide grief counseling to oncology unit out-patients and their families. The remaining portion of defendants' motion for new trial or to amend the judgment are hereby denied.

## Attorney Fees

■ Plaintiffs have requested attorney fees pursuant to 42 U.S.C. § 1988. Under § 1988, plaintiffs must show they are prevailing parties. Defendant BMC argues that plaintiffs are not prevailing parties, as they were unsuccessful in preventing the chaplain's hiring. In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court held that plaintiffs may be considered prevailing parties under § 1988 "if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." Under this formulation, the Court finds that plaintiffs are prevailing parties. While plaintiffs did lose on the ultimate issue of the chaplain's hiring, they were successful in persuading this Court in placing some restrictions on her activities.

■ Since plaintiffs are prevailing parties, the next question is the reasonableness of the fee. Plaintiffs have requested $47,178.00 in attorney fees (393.15 hours times $120.00 per hour) and $902.45 in costs, for a total of $48,080.45. Defendants alternatively argue that while plaintiffs may be prevailing parties, they are not entitled to the total amount requested in fees, as they were not totally successful— i.e., they failed to prevent the chaplain's hiring, and also never requested some of the relief ultimately obtained. As for the latter argument, the Eighth Circuit has held that, in determining who was the prevailing party, the important consideration is what relief was *awarded*, not what relief was expressly requested by the pleadings.

*Fast v. School District of City of Ladue,* 728 F.2d 1030, 1033 (8th Cir.1984). Therefore, the Court will turn to defendants' argument that the plaintiffs were not totally successful.

In *Hensley,* the Supreme Court noted that it is "not necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Id.* 461 U.S. at 436 n. 11, 103 S.Ct. at 1940 n. 11. The Court concluded that, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success." *Id.* at 437, 103 S.Ct. at 1941; *accord, Maney v. Brinkley Mun. Waterworks,* 802 F.2d 1073, 1076 (8th Cir. 1986); *Rose v. Nebraska,* 748 F.2d 1258, 1264 (8th Cir.1984).

The Court has carefully considered counsel's fee itemization and the actual relief obtained, and concludes that counsel's total fee award should be reduced to 40% of the amount requested. While plaintiffs were successful in limiting the chaplain's duties, their main goal had been to prevent BMC from hiring a chaplain. The Court has arrived at this figure by concluding that a 70% reduction is appropriate, as plaintiffs did not prevail on their main contention and because at least one-half of the hours expended were put in on other issues. The size of this reduction is further adjusted by an enhancement of 10% which plaintiffs' counsel is entitled to because of the risk factor inherent in this novel case.

Defendants argue that this is foreclosed by the Supreme Court's recent decision in *Pennsylvania v. Delaware Valley Citizens' Counsel,* — U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). While the majority opinion stated that a risk factor should not be considered, only three justices so held. Justice O'Connor, while concurring in the judgment, sided with the dissenters in holding that Congress did not intend to foreclose consideration of contingencies in setting a reasonable fee under fee-shifting statutes. However, Justice O'Connor did find that the district court erred in using a risk multiplier in that particular case. *Id.,* 107 S.Ct. at 3089. In view of the above split decision, this Court finds it may still consider the risk factor in awarding attorney fees. *See Laird v. Tatum,* 409 U.S. 824, 837–38, 93 S.Ct. 7, 14–15, 34 L.Ed.2d 50 (1972) (memorandum of Rehnquist, J.); *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir.1978). Therefore, despite the fact that plaintiffs' counsel spent at least half of his time contending that the chaplain should not be hired, the Court finds that it is proper to reduce his award to a net of 40%, to allow for the risk factor. The particular facts of this case had not, as far as this Court could ascertain, ever been considered by any other court. Plaintiffs' counsel was thus required to spend certain hours educating himself as to the nuances of First Amendment law in order to properly prosecute this matter.

IT IS THEREFORE ORDERED that the defendants' motion for new trial is hereby denied.

IT IS FURTHER ORDERED that the defendants' motion to amend the judgment is hereby granted in part, and the Court finds that Chaplain Rogers may provide grief counseling to oncology unit patients and their families, notwithstanding that the oncology unit is run on an out-patient basis.

IT IS FURTHER ORDERED that plaintiffs are hereby awarded attorney fees and costs in the amount of 40% of $47,178.00, or $18,871.20, plus expenses in the sum of $902.45, for a total of $19,773.65.