OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*756 Plaintiff commenced this tort action for damages claiming, among other things, that her right to privacy under the Federal Constitution had been violated when, acting under color of law, defendant Phelan, the Town Chief of Police, disclosed the contents of a supporting deposition that she had signed in connection with her allegations that her father, a Town employee, had sexually abused her when she was less than 18 years old (see, 42 USC § 1983). Plaintiff alleged in the present action that she had given the police the information in the supporting deposition only after she was assured that her name and address would not be disclosed to anyone not involved in the criminal investigation. Nonetheless, defendant Phelan had given an unredacted version of the supporting deposition to the Town Board, which had requested the document and reviewed it in executive session in order to assess what disciplinary action, if any, should be taken against plaintiff’s father in his capacity as a Town employee.
On this appeal from the Appellate Division order dismissing the remaining cause of action in the complaint, plaintiff has limited her argument to the contention that the courts below erred in dismissing her claim based on 42 USC § 1983. In order to state a claim under that statute, the plaintiff must allege, at a minimum, conduct by a person acting under color of law which deprived the injured party of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States (Parratt v Taylor, 451 US 527, 535). That burden was not satisfied in plaintiff’s case, since no Federally protected right was clearly established.
Although some lower Federal court decisions have recognized a constitutionally secured privacy right which prohibits government officials from gratuitously disclosing information of a highly private or intimate character (Doe v Borough of Barrington, 729 F Supp 376; Woods v White, 689 F Supp 874; Carter v Broadlawns Med. Ctr., 667 F Supp 1269, judgment amended 672 F Supp 1149, mod and remanded 857 F2d 448, cert denied 489 US 1096), those decisions all involved situations in which disclosure served no legitimate governmental interest. Those cases have no application here, where the disclosure of plaintiff’s supporting deposition was made in furtherance of the Town’s legitimate governmental interest in assessing the fitness of one of its employees. Accordingly, plaintiff’s 42 USC § 1983 cause of action was correctly dismissed.
*757 Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.