[610 NYS2d 694]

In the Matter of ROBERT L. SCHULZ et al., Respondents-Appellants, v COBLESKILL-RICHMONDVILLE CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellants-Respondents.

Third Department, April 21, 1994

**APPEARANCES OF COUNSEL**

*Bellcourt & Bartlett, P. C.,* Cobleskill *(Leonard H. Singer* of counsel), for appellants-respondents.

*Robert L. Schulz,* Glens Falls, respondent-appellant *pro se.*

*Elizabeth Hughes,* Cobleskill, respondent-appellant *pro se.*

**OPINION OF THE COURT**

CARDONA, P. J.

On December 19, 1988, the Cobleskill Central School District entered into a three-year agreement with ServiceMaster Management Services for support management services relating to custodial and maintenance needs. Thereafter, on September 14, 1992, the Cobleskill Central School District Board of Education approved a three-year renewal of the agreement, as amended, to become effective December 22, 1992. The renewal provision was subsequently modified by the parties to provide that the agreement would be automatically renewed on an annual basis through acceptance in the budget process by June 30 of each fiscal school year. In a referendum held on May 24, 1993, the voters of both the Cobleskill Central School District and the Richmondville Central School District approved a merger of the two districts and, on June 30, 1993, the voters of respondent Cobleskill-Richmondville Central School District (hereinafter the District) approved the 1993-1994 budget which included the cost of the ServiceMaster contract.

On June 29, 1993, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action alleging, *inter alia,* that the agreement constituted a gift of public money to a private organization in violation of NY Constitution, article VIII, § 1 and violated the competitive bidding requirements contained in General Municipal Law § 103. Respondents cross-moved to dismiss the petition/complaint or, in the alternative, for summary judgment. Supreme Court found that petitioners Elizabeth R. Hughes and Barbara Diefendorf had standing as taxpayers residing in the District to assert a violation of General Municipal Law § 103 but that petitioner Robert L. Schulz did not, as he was not a resident. The court held that the proceeding was not barred by the applicable four-month Statute of Limitations. Addressing the merits, the court found that the agreement violated the competitive bidding requirements of General Municipal Law § 103 and did not fall within the common-law "professional services" exception. The court granted summary judgment to petitioners voiding the June 30, 1993 agreement and enjoined respondents from entering into any similar contracts without public bidding. Respondents appeal and petitioners cross-appeal.

■ Supreme Court found that none of petitioners have standing under State Finance Law § 123-b because no officer or employee of the State is a party to the action. It has been held that "[b]oards of education are branches of the state government charged by the state with the administration of its educational system" *(Matter of Hirshfield v Cook,* 227 NY 297, 301). Therefore, our boards of education come within the ambit of State Finance Law § 123-b *(Board of Educ. v State of New York,* 111 AD2d 505, 506-507, *lv dismissed* 66 NY2d 603, 854). Thus, if State funds are involved, this action seeking declaratory and equitable relief may be brought against respondents under State Finance Law § 123-b. "While it is true that education is a State function, 'a school district expends both moneys received through State grant and moneys raised in the exercise of its own taxing powers' " *(supra,* at 506-507, quoting *Weimer v Board of Educ.,* 52 NY2d 148, 152, n 2). Here, petitioners have failed to clearly trace the moneys expended or to be expended by the District in payment of the agreement to identifiable State funds. Therefore, standing under the State Finance Law was properly denied.

■ Next, we find that Supreme Court's recognition of a constitutional right of standing was improper. Because this is a case "where the statute [State Finance Law § 123-b] has authorized a taxpayer's suit, that is, [a case] involving a claimed unauthorized expenditure of State funds, the parties must follow the statutory procedures" *(Wein v Comptroller of State of N. Y.,* 46 NY2d 394, 399). The fact that petitioners also assert a constitutional claim that the agreement constitutes a gift or loan of public funds in violation of NY Constitution, article VIII, § 1 does not create a constitutional right of standing *(see, supra,* at 397).

■ Although standing to petitioners is denied under the State Finance Law and the State Constitution, we hold that Hughes and Diefendorf, as taxpayers residing within the District, have standing under General Municipal Law § 51* to

---

* General Municipal Law § 51 provides, in pertinent part, as follows: "All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation * * * who shall be liable to pay taxes on such assessment".

prosecute the instant action challenging the expenditures of taxpayers' funds in alleged violation of General Municipal Law § 103. In taking this step, we are mindful of the prior holding of the Court of Appeals in *Schnepel v Board of Educ.* (302 NY 94) that General Municipal Law § 51 does not authorize taxpayer actions against a school district. However, as noted by the Court of Appeals in *Weimer v Board of Educ.* (52 NY2d 148, 152, n 2, *supra)*, the enactment of General Construction Law § 66 (2) classifies a school district as a municipal corporation and may bring school districts within General Municipal Law § 51 notwithstanding *Schnepel.* Thus, we find that it is fair and reasonable to remove this barrier which has excluded local citizen taxpayers from using the judicial process in challenging fiscal policies and expenditures of their school districts *(cf., Matter of Schulz v State of New York,* 81 NY2d 336, 345; *Boryszewski v Brydges,* 37 NY2d 361, 364).

■ We next address the District's claim that petitioners' proceeding is barred by the Statute of Limitations. We agree with Supreme Court that petitioners' constitutional and statutory claims relating to the agreement renewed by virtue of the adoption of the budget on June 30, 1993 are not time barred, as the proceeding was commenced well within the applicable four-month Statute of Limitations (CPLR 217).

■ Having dispensed with the procedural arguments, we now turn to Supreme Court's grant of summary judgment to petitioners on the merits of their claim under General Municipal Law § 103. We find that the grant of summary judgment was improper because respondents' papers raised a material question of fact requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), namely, whether the services performed by ServiceMaster under the agreement involve specialized skills, expertise, the exercise of judgment and discretion—in other words, whether "by their nature [the services are] professional and thus fall outside the realm of competitive bidding" *(Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118, 123, *lv denied* 80 NY2d 754; *see, Hurd v Erie County,* 34 AD2d 289, 292).

■ One last issue raised by the parties merits further comment. Petitioners have failed to allege a violation of the Due Process Clause of the 14th Amendment of the US Constitution sufficient to sustain an action under 42 USC § 1983 *(see, DiPalma v Phelan,* 81 NY2d 754). Although they have alleged a deprivation of property under color of State law, here State

law provides an adequate remedy, i.e., General Municipal Law § 51, to compensate citizen taxpayers for any loss. Thus, the requirements of due process are satisfied *(see, Parratt v Taylor,* 451 US 527, 543-544).

CREW III, CASEY, WEISS and PETERS, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, respondents' cross motion to dismiss the petition/complaint granted as to petitioner Robert L. Schulz and denied as to the other petitioners, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.