[638 NYS2d 809]

In the Matter of ROBERT L. SCHULZ et al., Respondents, v VINCENT J. DE SANTIS, Individually and as Mayor of the City of Glens Falls, Appellant.

Third Department, March 7, 1996

APPEARANCES OF COUNSEL

*FitzGerald Morris Baker Firth, P. C.,* Glens Falls *(Veronica O'Dell* of counsel), for appellant.

*Robert L. Schulz,* Queensbury, respondent *pro se.*

## OPINION OF THE COURT

CARDONA, P. J.

On July 7, 1994, the City of Glens Falls Common Council (hereinafter Council) voted on a resolution to appoint a certain law firm as the City's labor counsel. All six members of the Council, as well as respondent, the City's Mayor, were present. The vote was three in favor, two opposed and one abstention. Generally, under the terms of the City Charter, a majority of the Council "present and voting" at any meeting at which a quorum is present is sufficient to pass a resolution. However, the Charter also provides that where, as here, the matter necessitates an expenditure of money, the "assent of a majority of all the common council in office" is required. Therefore, a minimum of four "yes" votes was needed to pass the resolution. Respondent concluded that the abstention should be counted as a negative vote, thus resulting in a tie vote, and that he had the power under the Charter to cast the deciding vote. Respondent voted to approve the resolution, thereby allowing it to pass. Respondent also subsequently voted on July 21, 1994 in favor of a second resolution which approved the minutes of the Council meeting at which the first resolution was passed. On August 15, 1994, a third resolution was proposed to pay for the legal services rendered by the appointed labor counsel.

Prior to any Council vote on the third resolution, however, petitioners, as citizen taxpayers, commenced this combined action and proceeding. They alleged, *inter alia,* that respondent violated the Charter by casting an affirmative vote for the first two resolutions. Under the Charter, the Mayor is permitted to

vote on matters that come before him for his approval "only in case of a tie". According to petitioners, the abstention is not a negative vote and, therefore, there was no tie vote requiring respondent to cast a deciding vote. Petitioners sought, *inter alia*, to annul the resolutions and to permanently enjoin respondent from voting on any resolution coming before the Council and that may come before him as Mayor for his approval unless the Council members' vote be equally divided. Petitioners also alleged certain violations of their constitutional rights. After joinder of issue, Supreme Court granted the petition to the extent of annulling the resolutions and permanently enjoined respondent from voting, unless in the case of a tie. The court denied petitioners' requests for relief based on the alleged constitutional violations. Respondent appeals.

■ We turn first to respondent's procedural contentions. He first argues that petitioners lacked standing to assert certain of their claims. In addition to seeking to annul the resolutions, the petition alleged a violation of both State Finance Law § 123-b and General Municipal Law § 51 by claiming, *inter alia*, that respondent was wasting State and local funds by voting illegally to authorize a wrongful expenditure of funds to pay for the legal services. We agree that petitioners lack standing to assert a claim based on State Finance Law § 123-b because no officer or employee of the State is a party to the action.

■ Nevertheless, petitioners Margaret H. Farrell and Raymond F. Mahoney had standing to assert a claim based on General Municipal Law § 51 because they alleged that they paid real estate taxes upon an assessment of more than $1,000 in the City (*see, Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ.*, 197 AD2d 247; *see also, Weimer v Board of Educ.*, 52 NY2d 148, 153, n 3). Because the other petitioners failed to make similar allegations, they lack standing. Further, although General Municipal Law § 51 requires the filing of a bond, any failure in that regard is not fatal inasmuch as the statutory requirement may be cured nunc pro tunc (*see, Matter of Schulz v State of New York*, 198 AD2d 554, 556-557, n, *lv denied* 83 NY2d 756). Thus, respondent's argument that those claims should have been dismissed is rejected.

■ We next address respondent's claim that the case should have been dismissed for failure to join the City, the Council and its members who are not petitioners herein as necessary parties to the litigation (*see*, CPLR 1001). The definition of a necessary party has been strictly construed and is limited to

"those cases and only those cases where the determination of the court will *adversely* affect the rights of nonparties" (*Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 125 [emphasis supplied]). The question is whether the nonparty may be "inequitably" affected by a judgment rendered in its absence (CPLR 1001 [a]; *see, Town of Brookhaven v Chun Enters.*, 71 NY2d 953) or whose presence is necessary if complete relief is to be accorded to the parties already in the action (*see, Joanne S. v Carey*, 115 AD2d 4, 7). Here, in our view, Supreme Court's decision involves an interpretation of the Charter's provisions and in no way changes the votes of those Council members not joined or any direct action taken by the City in this matter. Therefore, under the circumstances of this case, it cannot be said that such a decision "adversely" or "inequitably" affects them.

■ We now turn to the question of whether Supreme Court erred in annulling the resolutions and in permanently enjoining respondent from voting on any resolution that may come before him in the absence of a tie vote. As noted, the vote on the first resolution was three in favor, two opposed and one abstention. Respondent contends that the abstention was a negative vote which caused a tie and allowed him, under the terms of the Charter, to cast a vote to break the tie. We disagree. Admittedly, the Charter has no rule governing the effect of an abstention. In our view, Supreme Court correctly concluded that the Charter authorized abstentions and did not compel Council members to act on proposed resolutions. We are also of the view that the Council member who abstained manifested a desire that her vote not be counted and the abstention should not have been labeled as either an affirmative or negative vote (*see generally, Matter of Monroe v New York State Bd. of Elections*, 35 NY2d 738). The record reveals that the Council member who abstained did so because she did not believe she had enough information to make a decision. The tally was thus three in favor and two opposed; there was no tie allowing respondent's vote (*see, Rockland Woods v Incorporated Vil. of Suffern*, 40 AD2d 385). Therefore, because there were only three yes votes and not the required four, both the first and second resolutions were not validly adopted.

■ We also reject respondent's argument that Supreme Court should not have permanently enjoined him from casting a vote on any resolution which may come before him for approval or veto in the absence of a true tie vote. Respondent points to the provision requiring the "assent of a majority of all the com-

mon council in office". In such situations, respondent claims that he has the power to vote once with the Council and then may still approve or veto the same matter. We disagree. Respondent is considered a member of the Council and the Charter provides that "each member present shall have one vote". However, the Charter goes on to state "except that on matters that subsequently may come before the mayor for his action * * * he shall vote *only* in case of a tie" (emphasis supplied). Every resolution of the Council, except rules for its own government, is presented to respondent for his approval or veto. We agree with Supreme Court's conclusion that this means that in any matter that requires respondent's approval or veto, he is prohibited from voting except to break a tie. The court, therefore, properly granted the permanent injunction.

As a final matter, petitioners dispute the rejection of their constitutional claims. They did not, however, file a notice of cross appeal and these claims are, therefore, not properly before us (*see, Hecht v City of New York*, 60 NY2d 57, 63; *Spallina v Giannoccaro*, 98 AD2d 103, 108).

MIKOLL, WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.