In the Matter of IRENE G. MURRAY, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, as Head of the New York State Employees' Retirement System, Respondent.

Third Department, April 17, 1975

*De Graff, Foy, Conway & Holt-Harris (James W. Roemer, Jr.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

MAIN, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 21, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Employees' Retirement System (System).

A member of the System since 1945, petitioner was employed as business manager of the City of Long Beach School District from July, 1952 until she retired on March 31, 1972. Shortly before her retirement, on February 8, 1972, the School Board of the City of Long Beach adopted a resolution authorizing a payment to petitioner of $16,055 for 2,324 hours of employment in excess of her normal working hours schedule. This action was taken even though petitioner's average regular annual salary for the period in question was more than $30,000 and despite the fact that she had been paid between $3,000 and $3,483 each of the previous four years for overtime work performed. When the System later refused to include the $16,055 payment in its computation of petitioner's final average salary for retirement purposes (see Retirement and Social Security Law, § 2, subd 9), petitioner commenced the present proceeding. As noted above, however, Special Term sustained the System's determination and this appeal followed.

The central question presented here is whether the $16,055

payment was properly excluded from the computation of petitioner's final average salary, and the statute involved is section 90 of the General Municipal Law, pursuant to which the board "may provide for the payment of overtime compensation" to the district's employees for the time which they are "required to work in excess of their regularly established hours of employment". In view of the constitutional prohibition against the expenditure of public funds, absent express statutory provision therefor (NY Const, art VIII, § 1), this statutory language must be strictly construed (cf. *Hess v Board of Educ. of Cent. School Dist. No. 1,* 41 AD2d 151), and we conclude, as a case of first impression, that the board, prior to the performance of any overtime work for which the employee is to be compensated, must adopt an overtime plan setting forth in detail the terms, conditions and remuneration for such employment. Such a plan, by providing for the payment of overtime in an orderly and businesslike manner, rather than by the adoption of a resolution after the fact, would fulfill an obvious purpose of the statute and benefit both the district and its employees, as well as the general public.

Were we to hold otherwise, we would be encouraging situations such as we have in the present case where petitioner apparently had a free hand in determining when and for how long she would work, and the board merely appropriated funds, after the fact, to further compensate her for her endeavors. In such circumstances, the board improperly abdicates its responsibility for the management and operation of the schools (Education Law, § 2503, subd. 2), and, as a result, the public's interest in the expenditure of its tax dollars is not adequately protected (see McKinney's Cons Laws of NY, Book 1, Statutes, § 152).

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., SWEENEY, KANE AND LARKIN, JJ., concur. Judgment affirmed, with costs.