■ ORRIN B. DOW, Appellant, v BOARD OF TRUSTEES OF THE FARMINGDALE PUBLIC LIBRARY, Respondent.—In an action to recover compensation for accumulated sick leave, personal leave, vacation time and overtime, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered September 25, 1978, which, after a nonjury trial, dismissed the complaint. Judgment reversed, on the law, with costs, and plaintiff is awarded damages in the sum of $2,630.77. Plaintiff, the former director of the Farmingdale Public Library, claimed upon resignation an entitlement to compensation for accumulated vacation time (77 hours), sick time (495 hours), personal time (5 hours), and overtime (40 hours). The defendant board of trustees (hereinafter the board), however, compensated plaintiff only to the extent of $1,076.92, reflecting two weeks' salary, and plaintiff commenced the instant action to recover the balance. Concluding that there had been no authorization permitting payment for accumulated overtime, vacation pay, or sick leave, Special Term dismissed the complaint. We reverse. Prerequisite to a claim of entitlement to compensation for accumulated credits is a showing that the employing body had authorized such payment prior to the accumulation *(Matter of Murray v Levitt,* 47 AD2d 267). Here, the policy of the board prior to July 1, 1969 as to library employees was reflected in certain written memoranda which allowed the accumulation of up to 12 sick days per year. In accord with this policy, plaintiff had accumulated 217.5 hours of sick time by July 1, 1969. He had also accumulated 328 hours of vacation time, 16 hours of holiday time, and 27 hours of overtime as of that date. There is nothing in the record, however, to support any inference that plaintiff had the right to accumulate vacation and holiday time or overtime up to July 1, 1969. Effective July 1, 1969, however, the board entered into an agreement with the CSEA allowing accumulation of up to 150 sick days and permitting the liquidation of such accumulation upon termination of employment. Although plaintiff was not part of the CSEA bargaining unit, he was advised by letters from the board in 1969 and 1970 that the benefits of the CSEA contract would be extended to him. In subsequent years, board resolutions were silent as to benefits, but plaintiff testified without contradiction concerning conversations with members of the board implying the continuation of these benefits. In our opinion, the only reasonable interpretation of the board's silence is that it intended to continue to define the terms of plaintiff's employment by the 1969 CSEA agreement. Any other interpretation would require the conclusion that plaintiff was entitled to no benefits other than salary. Thus, plaintiff's post-1969 employment benefits must be governed by the 1969 CSEA agreement. Based upon this agreement, it would appear that plaintiff was authorized to accumulate up to 150 days of sick time and to liquidate

the accumulation upon termination of his services. It is beyond dispute that the board was empowered to make such authorization (see *Matter of Teachers Assn., Cent. High School Dist. No. 3 [Board of Educ.],* 34 AD2d 351). Although the 1969 CSEA agreement also provided that an employee could opt for either compensatory time or monetary compensation for overtime, there was no provision authorizing the accumulation and subsequent liquidation of such time (see *Matter of Murray v Levitt,* 47 AD2d 267, *supra).* Under such circumstances, we find no support for a claim for overtime accumulated prior to the final year of plaintiff's employment. Finally, liquidation of any accumulated vacation and holiday time was clearly unauthorized by the CSEA agreement. We thus conclude that plaintiff had a legitimate claim of entitlement to compensation for sick time accumulated after July 1, 1969, and for overtime accumulated during his final contract year. By July 1, 1969 plaintiff had accumulated 217.5 hours of sick time credit as was permissible under the 36-day limitation in force prior to that date. Since this accumulation was noncompensable, however, it would have been impermissible to include any of it in the 495 hours of sick time which plaintiff claimed at resignation. Since it appears that between July 1, 1969 and plaintiff's resignation, he had expended sick time well in excess of 217.5 hours, we believe that the pre-1969 accumulations have been exhausted and the 495 hours now claimed constitute compensable sick time. As to plaintiff's accumulated overtime, 27 hours had been improperly accumulated as of July 1, 1969 and consequently must be deducted from the 40 hours claimed upon resignation. The remaining 13 hours, earned in the final contract year, are compensable. The total of compensable sick time and overtime thus comes to 508 hours. However, as asserted in the board's answer to the complaint, and as noted by Special Term, in accumulating these legitimate credits between July 1, 1969 and his resignation in 1976, plaintiff made use of vacation and holiday credits which had been improperly accumulated prior to July 1, 1969. There had been no authorization prior to July 1, 1969 for the accumulation of vacation time. Consequently, the 328 hours which had been accumulated by that date could not be carried over so as to require compensation upon termination. Since plaintiff concluded his employment with only 77 hours of vacation time, he appears to have utilized the improperly accumulated vacation time instead of properly accumulated time credits throughout the 1969-1976 period. Therefore, the 251 hours of vacation time which plaintiff utilized without authorization must be deducted from his legitimate accumulations. In addition, and again without authorization, plaintiff had accumulated 16 hours of holiday time as of July 1, 1969 and had expended such improper credit by the date of his resignation. His claim must be further reduced by these 16 hours. Therefore, to the extent that plaintiff took advantage of 251 hours of unauthorized vacation credit and 16 hours of holiday credit, his claim must be reduced from 508 hours to 241 hours. Moreover, in order to reflect the payment which plaintiff did receive upon resignation, the claim must further be reduced to 171 hours. Based upon a 35-hour week and a $28,000 annual salary, judgment is granted in the sum of $2,630.77. Regarding the contention that the action should be barred for failure to comply with the notice provisions of section 3813 of the Education Law, it is unnecessary to reach the question of whether that section applies to actions against a library's board of trustees (see *Matter of New York Public Lib. v New York Public Employment Relations Bd.,* 45 AD2d 271, affd 37 NY2d 752; *Matter of Brooklyn Public Lib. v Craig,* 201 App Div 722; *Matter of Maik v Massapequa Lib. Bd. of Trustees,* 46 Misc 2d 159; contra *Johnston v Gordon,*

247 App Div 40). However, assuming, *arguendo,* its applicability for the purposes of this appeal, we believe that plaintiff's presentation of his claim in conjunction with his resignation afforded the board sufficient notice to disregard any noncompliance (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.