■ In the Matter of GEORGE S. CLANTON, Respondent, v JOSEPH E. SPINNATO, as Fire Commissioner of the City of New York, and as Chairman of the Board of Trustees of the New York City Fire Department, Article 1B Pension System, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Fire Commissioner of the City of New York, dated February 11, 1985, which denied the petitioner's application to recompute his pension, the Fire Commissioner and the City of New York appeal from a judgment of the Supreme Court, Kings County (Lodato, J.), dated January 15, 1986, which granted the petition to the extent of directing the appellants to recompute the petitioner's accident disability retirement allowance to include three quarters of the average overtime compensation earned by fire marshals assigned to the petitioner's command during the period from January 3, 1983 to October 5, 1983.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner, a former New York City Fire Marshal, was injured in a line-of-duty motor vehicle accident in October 1981. He was placed on medical leave at his regular salary (see, Administrative Code of City of New York former § 487a-7.1 [now § 15-108]) and never returned to active duty. In October 1983, the Board of Trustees of the Fire Department Pension Fund voted to grant the petitioner a disability pension. This entitled the petitioner to receive a retirement allowance "equal to three-quarters of his * * * final compensation on the date of his * * * retirement" (Administrative Code former § B19-7.89 [1] [now § 13-364 (1)]), "final compensation" being defined as the "annual compensation earnable" by the retirement plan member at the time of retirement (Administrative Code former § B19-7.54 [6] [now § 13-313 (6)]). After exhausting his accumulated nonmedical leave, the petitioner retired on January 2, 1984.

Approximately one year later, the City of New York, in its capacity as insurer, paid the petitioner a no-fault insurance award to compensate him for his "loss of earnings" during the period of his medical leave (see, Insurance Law § 5102 [a]). The award consisted of overtime wages he would have earned had

he remained on active duty. Thereafter, the petitioner asked the Fire Department Pension Fund to recompute his pension to include the award of these no-fault benefits. The request was refused on the ground that the Fire Department did not consider the payment of a no-fault award as part of the member employee's final compensation. The Supreme Court, Kings County, determined that the no-fault award was not properly includable as part of the petitioner's final compensation, but nonetheless found that the petitioner was entitled to have his pension recomputed to include the overtime compensation that he would have earned during his final year of employment had he remained on active duty. Because we do not find that this result is mandated by the applicable statutory provisions, or that the position of the City of New York and the Fire Department in this matter is irrational or unreasonable, we reverse.

The petitioner concedes, as he must, that he was not entitled to be paid, as part of his regular compensation, those overtime wages lost due to his being on medical leave *(see, Dow v Board of Trustees,* 75 AD2d 632; *Matter of Murray v Levitt,* 47 AD2d 267, *lv denied* 37 NY2d 707). He also concedes, correctly, that the no-fault award itself cannot be considered as part of his final compensation. Further, the petitioner has failed to demonstrate, or even allege, that the exclusion of lost overtime wages from the calculation of his disability pension is contrary to prior agency practice *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516). Thus, the only question to be resolved is whether, as the court found, the petitioner is nonetheless entitled to have lost overtime wages included as part of his final compensation.

Resolution of the question, in this case, hinges solely upon the meaning of "earnable" compensation *(see,* Administrative Code former § B19-7.54 [6] [now § 13-313 (6)]; former § B19-7.89 [1] [now § 13-364 (1)]). The court construed this term to mean "possible of being earned", and, finding that the overtime hours in question would have been "mandatory", directed that the overtime wages that the petitioner would have been eligible to earn during his final year of employment be counted as part of his "final compensation". Such a construction, while perhaps not, on its face, contrary to the governing statutory provisions, is nonetheless questionable considering that the petitioner did not actually work any overtime hours during the period *(cf., Kranker v Levitt,* 30 NY2d 574; *Matter of Murray v Levitt, supra).* In contrast, "earnable" compensation is construed by the Fire Department to mean the base

salary at which the employee is being compensated at the time of retirement (which, depending on the salary increases received during the final year of employment, can exceed the employee's actual earned compensation), plus overtime compensation actually earned during the final year of employment. This latter construction is fair, reasonable, and fully consistent with the applicable statutory provisions. Accordingly, as "[i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749), the determination must be confirmed and the petition dismissed. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.