■ In the Matter of DOROTHY JOSEPH, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY TEACHERS' RETIREMENT SYSTEM et al., Respondents.—In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Teachers' Retirement System dated August 13, 1984, which denied the petitioner pension rights based on her position as an interim acting education administrator, and an action for a judgment declaring null and void the respondents' policy that salary earned as an interim acting education administrator not be used for the computation of pension benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Duberstein, J.), dated May 20, 1987, which denied her application and dismissed the complaint.

Ordered that the judgment is modified, on the law, by adding a provision declaring that the title "interim acting education administrator" does not entitle its holder to pension rights in the New York City Teachers' Retirement System based upon the earnable salary during service in that title, because such service is considered substitute service, and as such, does not comport with the statutory requirements for permanent appointment; as so modified, the judgment is affirmed, with costs to the respondents.

The petitioner, a teacher, assistant principal and "interim acting education administrator" employed by the respondent New York City Board of Education for more than 25 years was relieved of her duties as interim acting education administrator after having served as such for five years, and was reassigned to her tenured appointed position as an assistant principal at a lower salary. As a consequence, the petitioner contemplated retirement. The petitioner was informed by letter of a determination of the respondent Board of Trustees of the New York City Teachers' Retirement System (hereinafter TRS) that her pension would be based upon her average

salary for her last three years in her appointed tenured position rather than her actual salary earned in the interim acting position. The petitioner challenged that determination in the instant hybrid proceeding pursuant to CPLR article 78 and an action for a declaratory judgment.

The determination of the respondent TRS was based upon a reasonable interpretation of a provision of the Administrative Code of the City of New York § 13-501 (7) (a) (former § B20-1.0 [7]) which defines a "[t]eacher" to include "all employees of the *board of education appointed to regular positions in the service of the public schools at annual salaries and whose appointments were made or shall be made from eligible lists prepared as the result of examinations held by the board of examiners of the board of education*" (emphasis added). A regulation of the TRS which permits a teacher "on leave without pay to accept a position which would mandate membership in the Teachers' Retirement System [and fixed] the member's salary base for all purposes [to] the earnable salary in that position, in which the member is serving while on leave", excludes from consideration an interim acting position because holders of such positions are not appointed in accordance with the statutory requirements as set down in the Administrative Code. The TRS characterized the interim acting positions, which were created in response to temporary vacancies which occurred subsequent to a Federally ordered revamping of the Board's hiring procedures *(see, Chance v Board of Examiners,* 330 F Supp 203, *affd* 458 F2d 1167), as akin to substitute service, which does not entitle their holders to membership in the TRS. Therefore, the TRS found that the petitioner, who it stated had not forfeited her membership in the TRS in her former position as an appointed assistant principal, was a member of the TRS in that capacity, and as such, was entitled to a pension based on her assistant principal's salary. Such a determination of the TRS is a reasonable one. It is not unfair to the petitioner, since she could be said to have enjoyed the benefits commensurate with her interim acting position for five years (to wit, a substantially higher salary) without having to undergo the vigorous process of examinations and interviews required for an appointment to such a position. Further, the TRS determination was based upon a reasonable construction of the statute and regulations involved.

As the Court of Appeals has noted, "[i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unrea-

sonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749; *see also, Matter of Clanton v Spinnato,* 131 AD2d 475, *lv denied* 70 NY2d 606, *rearg denied* 70 NY2d 872).

Since a declaratory judgment is sought, the judgment has been modified to declare the rights of the parties *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).* Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.