■ In the Matter of RICHARD L. RAMPELLO et al., Respondents-Appellants, v EAST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents. (Appeal No. 1.) [653 NYS2d 469] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: On August 31, 1994, respondent Alfred Masino submitted a letter notifying respondent East Irondequoit Central School District (District) of his retirement from his position as Principal of Eastridge High School no later than October 7, 1994. The letter expresses his understanding that he would "be awarded as incentive $75,000 in lieu of unused accumulated sick time." On September 2, 1994, respondent Board of Education of the East Irondequoit School District (Board) held a special meeting. The minutes of the meeting indicate that the Board voted to go into executive session to discuss "personnel." The outcome of that executive session was a resolution authorizing payment of approximately $81,555 to "reimburse Mr. Masino for 191.5 days unused accrued sick days at $1/240$th of his 1993-94 salary."

Petitioners, taxpayers in the District, commenced this combined action/proceeding to challenge the Board's resolution on the grounds that the retirement incentive constitutes an impermissible gift of public funds in violation of article

VIII, § 1 of the New York Constitution and that the Board acted in violation of the Open Meetings Law (Public Officers Law art 7).

Supreme Court properly granted judgment declaring that the retirement incentive authorized by the Board constitutes an unconstitutional gift of public funds. Prior to Masino's retirement, the District had no obligation under its collective bargaining agreement with the Association of East Irondequoit Administrators (Association), the organization representing Masino, to make cash payments for unused accumulated sick days upon an employee's retirement (*cf., Board of Educ. v Associated Teachers*, 30 NY2d 122, 127; *Matter of Perrenod v Liberty Bd. of Educ.*, 223 AD2d 870, 871). Because the Board did not authorize payment for sick days prior to their accumulation, there was no legal obligation supporting the retirement incentive, and the payment to Masino thus constitutes an unconstitutional gift of public funds (*see, Dow v Board of Trustees*, 75 AD2d 632; *Matter of Murray v Levitt*, 47 AD2d 267, *lv denied* 37 NY2d 707).

Petitioners are also entitled to judgment declaring that the Board's action was in violation of the Open Meetings Law and invalidating the resolution on that ground (*see*, Public Officers Law § 107 [1]; *Matter of New York Univ. v Whalen*, 46 NY2d 734, 735). The Board failed to provide public notice of the special meeting at a reasonable time prior thereto (Public Officers Law § 104 [2]). We modify the judgment, therefore, by granting judgment in favor of petitioners on the first cause of action declaring that the Board violated the Open Meetings Law and that the resolution authorizing payment of the retirement incentive to Masino is void (*see*, Public Officers Law § 107 [1]).

We reject respondents' contention that petitioners lack standing to commence a taxpayer action against the District pursuant to General Municipal Law § 51 (*see, Matter of Schulz v State of New York*, 217 AD2d 393, 396; *Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ.*, 197 AD2d 247, 251-252; *see also, Weimer v Board of Educ.*, 52 NY2d 148, 152-153, n 2, *rearg denied* 53 NY2d 797). Further, this action seeks vindication of a public interest rather than enforcement of private rights; and thus we reject respondents' contention that petitioners were required to file a notice of claim pursuant to Education Law § 3813 (1) (*see, Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395; *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380, *rearg denied* 36

NY2d 807). We also reject respondents' contention that the Association is a necessary party (*see, Matter of Schulz v De Santis*, 218 AD2d 256, 259-260; *Flanagan v Board of Educ.*, 56 AD2d 574). The court properly denied judgment to Masino on that part of his cross claim seeking back pay, for the period following his retirement when he rendered no services to the District. Masino is entitled to back pay only if the termination of his employment "was wrongful in the sense that it operated to violate any of [his] rights in law or by contract" (*Warner v Board of Educ.*, 14 AD2d 300, 302, *affd* 12 NY2d 924). Masino's voluntary retirement was not the result of any violation of Masino's statutory or contractual rights (*see, Warner v Board of Educ., supra; cf., Matter of Antonopoulou v Beame*, 32 NY2d 126; *Matter of Boyd v Collins*, 11 NY2d 228). (Appeals from Judgment of Supreme Court, Monroe County, Ark, J.—CPLR art 78.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.