OPINION OF THE COURT
George B. Ceresia, Jr., J.
This is a combined declaratory judgment action and CPLR article 78 proceeding brought by the Village of Skaneateles and the City of Syracuse against the Skaneateles School District and its Board of Education (the School District) and the State Education Commissioner (Commissioner) seeking to prevent the construction of a school bus garage and fueling facility (the project) on a seven-acre parcel in the Town of Skaneateles.
On October 2, 1997, the Town Board of the Town of Skaneateles approved the conveyance of the parcel to the School District. On October 6, 1997, the School District submitted an application to the State Education Department (SED) for construction of the project pursuant to Education Law § 408. SED, acting as the lead agency for purposes of State Environmental Quality Review Act (ECL art 8 [SEQRA]) review, determined the project was a Type I action as defined by 6 NYCRR 617.4 (b) and issued a positive declaration. On October 14, 1997, SED issued a notice of completion of the draft environmental impact statement (DEIS), including notice of a 30-day comment period ending on November 14, 1997. This notice was sent to the parties as required by 6 NYCRR 617.12 (b). SED concedes that the notice in the Environmental Notice Bulletin is mandated by 6 NYCRR 617.12 (c) (1), but its responsibility was only to file the notice with the State Department of Environmental Conservation (DEC).
During the 30-day comment period, the School District held hearings on the project. Written comments from plaintiff City’s Water Commissioner were sent to the School District but not conveyed to SED until after the end of the comment period. Although the DEIS identified some concerns regarding drainage problems that might potentially affect the Skaneateles Lake watershed area, SED concluded based on engineering reports that these could be adequately mitigated. On November 18, *593 1997, SED issued and circulated a negative declaration for the project. Again, it concedes that no notice of negative declaration was published in the Environmental Notice Bulletin. On November 19, 1997, School District voters approved the project.
This action was commenced by the filing of a summons and complaint/notice of petition and petition in the Albany County Clerk’s office on March 6, 1998. An amended verified complaint/ petition dated July 23, 1998 was filed. The action/proceeding seeks an order prohibiting the School District from beginning construction until it has been reviewed for conformance with the local zoning ordinance, prohibiting conveyance of the land to the School District until a permissive referendum has approved the transfer, annulling the School District vote approving the project, annulling the Education Commissioner’s negative declaration for the project and compelling a new School District vote after completion of a final environmental impact statement, and prohibiting the Commissioner from issuing a building permit until a final environmental impact statement has been completed.
The School District has answered requesting that the complaint be dismissed and asserting nine affirmative defenses. Defendant-respondent Commissioner of Education has answered, interposed three objections in point of law and asserted an affirmative defense. Also pending is a motion by plaintiffs-petitioners for an order declaring that a notice of claim pursuant to Education Law § 3813 is not required, or alternatively has been filed, or alternatively extending the time for its filing. Defendants-respondents have not opposed the motion.
Initially, the court agrees with plaintiffs-petitioners that the action/proceeding falls within the “public interest” exception to the notice of claim requirement. The Education Law requires a petitioner or plaintiff to file a verified claim with the school district or board within three months of the accrual of the claim as a condition precedent to the commencement of an action or special proceeding, “for any cause whatever,” giving the body or officer with the power to adjust the claim 30 days in which to do so (Education Law § 3813). Courts have excepted actions from the notice of claim requirement when the action is brought to protect a public, rather than a private right (Matter of Rampello v East Irondequoit Cent. School Dist., 236 AD2d 797; White v Freyman, 171 Misc 2d 767, citing Mills v County of Monroe, 59 NY2d 307, 311). Here, petitioners-plaintiffs’ *594 central concern in bringing this action is clearly whether the project threatens the Skaneateles Lake watershed area which serves as a public drinking water supply. As such, it falls squarely within the public interest exception.
Turning to the substance of the action, plaintiffs-petitioners take issue with each of the steps in the project approval process to date.
First, they allege that the Town’s authorization of the conveyance of the property was improper because it did not make the conveyance subject to a permissive referendum by Town voters as required by Town Law § 64 (2) and § 90. They also claim the resolution was flawed because it did not include the requisite finding and declaration that the property was no longer needed for Town purposes.
Secondly, they argue that the Commissioner’s negative declaration should be rescinded based upon several alleged improprieties in the SEQRA process. They allege that defendants-respondents failed to exercise sufficient diligence in identifying interested and involved parties and failed to publish required notices. They contend that these procedural shortcomings prevented a thorough discussion of the issues which might have changed the Commissioner’s decision to issue a negative declaration as well as the approval of the project by School District voters. They maintain that these procedural defects are fatal. They also contend that a Town highway garage is planned for the site which should be made part of the review of this project. The fact that it has not been, they argue, amounts to illegal segmentation of the review process.
Third, they ask the court to declare that the project is subject to, and in violation of, the Town Zoning Ordinance. Although they recognize the State’s primacy in the siting of educational facilities, they rely on Cornell Univ. v Bagnardi (68 NY2d 583) for the proposition that public health considerations must also be taken into account (supra).
Defendants-respondents answer that any challenges to the Town resolution authorizing conveyance of the property are time barred. They contend that school construction projects are a matter of State concern and exempt from local zoning laws. They deny any concrete future plans for the construction of a Town highway garage. They maintain that the challenges based on alleged SEQRA improprieties are not ripe for review because the Commissioner of Education has not yet issued a permit for the construction of the project.
*595 CPLR 7801 (1) precludes the review of a nonfinal administrative determination. “The concept of finality requires an examination of the completeness of the administrative action and a pragmatic evaluation of whether the ‘decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury’ ” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519). A request to review a nonfinal determination will be rejected for lack of ripeness. The doctrine of ripeness promotes judicial economy (Cuomo v Long Is. Light. Co., 71 NY2d 349).
Plaintiffs-petitioners assert that their challenge is timely, relying on Chase v Board of Educ. (188 AD2d 192). That action also involved renovations to a school building and the construction of a school bus garage. There plaintiffs complained that the school district referenda approving the projects were held prematurely. The Court found that the district improperly held a vote on the bus garage project prior to the completion of the DEIS. The Court observed that the Statute of Limitations normally would run from the issuance of a negative declaration. In Chase, however, the Commissioner of Education had administratively rescinded the declaration and commenced the SEQRA review process anew. The Court therefore concluded that the Statute of Limitations as to any subsequent SEQRA determination would also be renewed.
Defendants-respondents argue that a number of cases have held instead that a negative declaration is a nonfinal step in the process of a project approval that is not subject to challenge, for reasons of judicial economy, until the project is ultimately approved. They cite a recent Fourth Department case declining to review a negative declaration for a proposed solid waste transfer which stated, “A SEQRA determination is usually considered to be a preliminary step in the decision-making process and, therefore, is not ripe for judicial review until the decision-making process has been completed [citations omitted]. Moreover, in the instant case the negative declaration cannot be viewed as a binding determination on the Department to issue a permit to support this proceeding” (Matter of Young v Board of Trustees, 221 AD2d 975, 977-978, affd 89 NY2d 846; cf., Matter of Wing v Coyne, 129 AD2d 213, 216). In Matter of Wing, the Court dismissed a challenge to an Albany County legislative resolution accepting the findings based on the final environmental impact statement for the Albany Civic Center project. In doing so it noted that, “since SEQRA determinations are often preliminary steps in a *596 project’s decision-making process, the Statute of Limitations begins to run only when that decision-making process is *. * * ‘final and binding’ ” (Matter of Wing v Coyne, 129 AD2d, at 216 [citations omitted]). But finding that the negative declaration in the case of the Civic Center project was tantamount to final project approval because no additional permit or approvals were required, it dismissed the SEQRA challenge as time barred (Matter of Wing v Coyne, 129 AD2d 213, 216, 217).
Despite the apparently contradictory statement in Chase (supra), the Third Department has consistently observed the rule that the event constituting final project approval is the point at which the Statute of Limitations begins to run for purposes of a SEQRA challenge (Matter of East Coast Props. v City of Oneida Planning Bd., 167 AD2d 641 [petitioner’s challenge to the negative declaration was timely as the declaration did not have an impact on petitioner until the related decision-making process had been completed]; Matter of Save the Pine Bush v Zoning Bd. of Appeals, 220 AD2d 90 [Zoning Board of Appeals (ZBA) approval of final EIS did not trigger the running of the Statute of Limitations because ZBA was not committed to a course of action until its approval of the use variance and special use permit]; Matter of Town of Coeymans v City of Albany, 237 AD2d 856, 857 [challenge to lead agency designation dismissed as not ripe because finality in the context of a CPLR article 78 proceeding does not occur until the “ ‘ “decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury” ’ ” (quoting Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519, cert denied 479 US 985, quoting Williamson County Regional Planning Commn. v Hamilton Bank, 473 US 172, 193)]).
Defendant-respondent Commissioner of Education argues that this matter is similarly premature because he has not yet issued the final approval for the construction project. He notes that the project has yet to undergo an engineering and architectural review which will include a review of any comments received after the issuance of the negative declaration and the appropriateness of any environmental mitigation efforts.
The court agrees that the time for review of the myriad of issues raised here, including those in the declaratory judgment action, is when the Commissioner issues the permit for the bus garage project. Until the project is finally approved, the Commissioner may choose to revisit any of the issues including the propriety of the SEQRA review which have been brought to his *597 attention (see, Matter of Dreves v New York Power Auth., 131 AD2d 182, lv dismissed 71 NY2d 889).
Finally, the court declines to address the issue of whether the Town Board resolution properly conveyed the project site to the School District as the Town Board is a necessary party which has not been named in this action/proceeding.
Based upon the foregoing it is ordered that this action/ proceeding be and hereby is dismissed, without prejudice.