OPINION OF THE COURT
Joseph R. Cannizzaro, J.
Petitioners commenced this CPLR article 78 proceeding seeking to annul, vacate and set aside the air pollution control permit (Air Permit) issued by respondent New York State Department of Environmental Conservation (DEC) on December 18, 2000, and the revised conditioned negative declaration (CND) issued by respondent New York City Department of Environmental Protection (DEP) on January 10, 2000, which were issued in connection with the proposed project by respondent NYC Energy, L. L. C. (NYCE) to construct, install and operate a 79.9 megawatt floating power generator barge (the NISA Project) which is to be anchored in the Wallabout Channel at the Brooklyn Navy Yard, Brooklyn, New York.
Respondent John P. Cahill, as the Commissioner of the DEC, and the DEC (hereinafter collectively referred to as DEC) move for an order dismissing the petition as time barred in accordance with CPLR 7804 (f) and the two-month statute of limitations set forth in Environmental Conservation Law § 19-0511 (2) (b). DEP moves for an order dismissing petitioners’ challenge to its issuance of the CND on grounds that the claim is time barred in accordance with CPLR 7804 (f) and the four- *47 month statute of limitations set forth in CPLR 217 (1). Lastly, by its answer, NYCE asserts among its affirmative defenses that to the extent petitioners are challenging DEC’S issuance of the Air Permit, the proceeding is barred by ECL 19-0511 (2) (b), and to the extent petitioners are challenging DEP’s issuance of the CND, the proceeding is barred by CPLR 217 (1).
Facts and Background:
DEP served as lead agency for the coordinated review of the NISA Project pursuant to the State Environmental Quality Review Act (SEQRA; ECL art 8), 6 NYCRR part 617 and its counterpart the New York City Environmental Quality Review Act (43 RCNY ch 6, Executive Order 91). In the course of its environmental review, DEP issued three CND’s for the NISA Project. Each subsequent CND incorporated various project changes and superceded the earlier declaration. The last CND was issued by DEP on January 10, 2000, which declared that any adverse environmental impacts associated with the NISA Project would not be significant, and therefore an environmental import statement (EIS) would not be required. The CND was published on January 19, 2000, and notice was given of a 30-day public comment period which ended on February 18, 2000.
The permitting phase for the project then ensued. The NISA Project involves two combustion gas turbines. Thus, air emissions from the operation of the gas turbines required NYCE to apply for and obtain air pollution control permits from DEC pursuant to ECL article 19. On December 18, 2000, DEC issued NYCE the Air Permit which was effective and final and binding on NYCE as of that date. Petitioners, thereafter, filed this proceeding on February 20, 2001.
Respondents’ Motions:
The Court shall first address DEC’s motion to dismiss the petition since the Court finds that it can resolve all issues raised by all of the parties by doing so. DEC asserts that ECL 19-0511 (2) (b) contains the applicable statute of limitations and commencement procedure for a challenge to an air permit issued under ECL article 19 where,, as in this instance, the petitioners are persons allegedly aggrieved by the issuance of the Air Permit to NYCE, but were not parties to the administrative proceeding.
ECL 19-0511 provides, in relevant part, as follows:
“Review by the courts
“1. Any final order or determination or other final action by the commissioner and the validity or reasonableness of any *48 code, rule or regulation promulgated by the department pursuant to this article shall be subject to review as provided in article 78 of the Civil Practice Law and Rules.
“2. When a review in accordance with article 78 of the Civil Practice Law and Rules is not maintainable, either because the person aggrieved was not a party to the original proceedings in which the order or determination or other action which is sought to be reviewed was made or taken, or for any other reason, the order or determination of the commissioner and the validity or reasonableness of any code, rule or regulation of the department promulgated pursuant to this article may nevertheless be reviewed as hereinafter provided * * *
“b. A proceeding brought under the provisions of this subdivision must be instituted by service of the petition and notices of application for relief within two months after the action of the department or commissioner which is sought to be reviewed shall become final and binding upon the petitioner or the person whom he represents either in law or in fact.”
DEC states that the affidavits of service filed by petitioners indicate that DEP was served with the notice of petition and petition on February 26, 2001, and DEC and NYCE were served with the pleadings on March 1, 2001. Since it is clear that none of the respondents were served within two months of DEC’s issuance of the Air Permit, DEC contends that petitioners failed to timely commence this proceeding in accordance with section 19-0511 (2) (b) and, therefore, petitioners’ challenge to the Air Permit is time barred.
In opposition, petitioners do not dispute that their challenge to the Air Permit is governed by ECL 19-0511. Petitioners also do not dispute that the DEC’s issuance of the Air Permit on December 18, 2000 was a final and binding determination that became ripe for challenge on that date. Furthermore, petitioners do not dispute that they were not parties to the administrative proceedings which resulted in the issuance of the Air Permit to NYCE. Rather, petitioners contend for a variety of reasons, none of which merit discussion here, that ECL 19-0511 (1) applies instead of ECL 19-0511 (2). Petitioners contend that by virtue of the language of section 19-0511 (1), the rules that govern CPLR article 78 proceedings apply to this proceeding and, therefore, the four-month statute of limitations set forth in CPLR 217 (1) applies to this proceeding. Since this proceeding was commenced within four months of DEC’s issuance of the Air Permit, petitioners contend that the proceeding was timely and cannot be dismissed.
*49 In the alternative, petitioners contend that if ECL 19-0511 (2) applies in this instance, then the action was timely commenced pursuant to ECL 19-0511 (2) (b) due to the fact that petitioners filed their pleadings on February 20, 2001, which was the next business day following February 18, 2001, since February 18, 2001 fell on a Sunday and February 19, 2001, was Washington’s Birthday, a legal holiday. (See General Construction Law §§ 24, 25-a.) Petitioners contend that section 19-0511 (2) authorizes a special proceeding where an article 78 proceeding is not available. As such, petitioners assert that a special proceeding is commenced by filing the notice of petition and petition in accordance with the legislative amendment to CPLR 304 which changed the procedure for commencing actions, such as special proceedings, in Supreme and County Courts from commencement by service to commencement by filing.
In reply, DEC contends that the commencement by filing provisions of CPLR 304 do not help petitioners in this instance. DEC asserts that pursuant to CPLR 101, the CPLR is applicable to all proceedings “except where the procedure is regulated by inconsistent statute.” DEC contends that since ECL 19-0511 (2) (b) is an inconsistent provision in a statute of general applicability that specifically concerns the procedure for commencing a proceeding, the CPLR does not govern this proceeding. Rather, DEC contends that the clear language of ECL 19-0511 (2) (b) prescribes how to commence this proceeding. DEC also contends that petitioners are seeking this Court to either judicially repeal ECL 19-0511 (2) or amend ECL 19-0511 (2) (b) by changing the word “service” to “filing.” DEC contends, however, that only the Legislature is empowered to amend a procedural statutory provision inconsistent with CPLR 304, as it has done in the past concerning similar inconsistent procedural provisions contained, for example, in the Real Property Tax Law to bring them in conformance with CPLR 304. Until the Legislature speaks in regard to ECL 19-0511 (2) (b), DEC contends that the Court is constrained to follow the plain and unambiguous procedure set forth in the statute.
The Court’s Findings:
The Court is in agreement with the position advocated by DEC that ECL 19-0511 (2) (b) bars petitioners’ challenge to the Air Permit issued to NYCE due to the fact that petitioners failed to timely commence this proceeding by serving respondents within two months of the issuance of the Air Permit.
To begin, the primary consideration when interpreting a statute is to ascertain and give effect to the intention of the *50 Legislature. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 92.) The legislative intent is first to be sought from a literal reading of the statute, that is, from the words and language used in the statute, and if the language is unambiguous and the words plain and clear, it is unnecessary to resort to other means to interpret the statute. (Id. at § 92 [b]; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 94.) Because there is no dispute that petitioners were not parties to the original administrative proceedings, it is clear from the plain and unambiguous language of ECL 19-0511 that petitioners’ challenge to the Air Permit is governed by ECL 19-0511 (2) and not ECL 19-0511 (1). ECL 19-0511 (2) clearly authorizes persons in petitioners’ stead to commence a special proceeding.
Next, when viewed together, the plain language of ECL 19-0511 (2) (b), the plain language of CPLR 217 (1), which states in relevant part that a proceeding against a body or officer must be commenced within four months “[ujnless a shorter time is provided in the law authorizing the proceeding,” and the plain language of CPLR 101, which as mentioned above states that the CPLR is applicable to all proceedings “except where the procedure is regulated, by inconsistent statute,” all demonstrate to the Court that the shorter two-month statute of limitations provision contained in ECL 19-0511 (2) (b) applies in this instance. See also McKinney’s Cons Laws of NY, Book 1, Statutes § 315, which states that “[gjeneral state-wide statutes of limitations do not override special limitations contained in statutes applicable to a particular class.” Moreover, the Practice Commentaries to section 19-0511 warn that the period of limitation in ECL 19-0511 (2) (b) differs, stating specifically that a proceeding commenced under this section must be brought within two months. (See Weinberg, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17V2, ECL 19-0511 at 717.)
In regards to the commencement by service provision contained in ECL 19-0511 (2) (b), the Court is again guided by the rules of statutory construction and interpretation referenced above and CPLR 101 which mandate that the commencement by service provision governs this proceeding instead of CPLR 304. The Court is also guided by Matter of Spodek v New York State Commr. of Taxation & Fin. (85 NY2d 760 [1995]).
In Spodek, the Court of Appeals was presented with the issue of whether the CPLR’s commencement by filing provisions, CPLR 304 as amended in 1992, applied to a Tax Law § 2016 proceeding originating in the Appellate Division. On the last *51 day the statute of limitations expired, the petitioner had filed with the Clerk of the Appellate Division a notice of petition and petition, but never properly served the respondents. Respondent Commissioner moved to dismiss the proceeding as time barred. Rejecting petitioner’s argument that the proceeding was timely commenced by filing, the Appellate Division dismissed the petition for petitioner’s failure to serve respondents before the expiration of the statute of limitations. The Appellate Division concluded that the new filing system only applied to actions or special proceedings commenced in Supreme Court, County Court or Surrogate’s Court.
Reversing the Appellate Division on this point, the Court of Appeals concluded that CPLR 304, as amended, applied to a special proceeding commenced in accordance with Tax Law § 2016 in the Appellate Division for two reasons. First, the Court stated that section 2016 specifically provided that a proceeding should be commenced “ ‘in the appellate division of the supreme court, third department,’ ‘in the manner provided by article seventy eight of the civil practice law and rules.’ ” (Spodek v New York State Commr. of Taxation & Fin., supra at 764.) The Court thus concluded that section 2016 “does not mandate or suggest that commencement by service is still required. Rather, the statute provides simply that proceedings are to be commenced in the same manner as under CPLR article 78.” (Id.) The Court then recognized that by reason of the 1992 amendments to CPLR 304, such article 78 proceedings were now to be commenced by filing. As a result, citing to CPLR 101, the Court found that no inconsistency existed between Tax Law § 2016 and CPLR 304. (Id. at 765.)
Second, the Court reasoned that although the new filing provisions specifically referred to proceedings commenced only in Supreme Court and County Court, this fact did not compel the conclusion that the Legislature intended to exclude a Tax Law § 2016 proceeding from the scope of CPLR 304. The Court recognized that there was a lack of legislative intent or guidance in regards to CPLR 304 and special proceedings originating in the Appellate Division. However, the Court noted that in 1994, subsequent to the amendment of CPLR 304, the Legislature was required to amend several statutes such as Real Property Tax Law § 702 (3) and § 704 (1), which specifically contained provisions that required special proceedings authorized thereunder to be commenced by service, in order to bring them in conformance with the new CPLR 304. The Court stated that the Legislature was acting in response to trial court deci *52 sions that held CPLR filing requirements inapplicable because the statutes at issue contained specific references to commencement by “service.” The Court found that the 1994 “corrective” amendments were indicative of the Legislature’s intent that all actions and proceedings not specifically excluded should come under the operation of the 1992 Commencement by Filing Act. (Id. at 764-765.) Thus, in the absence of inconsistent provisions and due to the 1994 amendments, the Court inferred a legislative intent that Tax Law § 2016 proceedings should be governed by CPLR 304.
In view of the foregoing, the Spodek Court held that the petitioner’s proceeding was timely commenced by filing, but nonetheless affirmed the Appellate Division’s dismissal of the proceeding due to petitioner’s failure to effect proper service. (Id. at 766.) But what is more important in Spodek is that the Court of Appeals specifically recognized that even though the Legislature has expanded the reach of the commencement by filing rule, its reach is limited where, as in this instance, express statutory provisions call for commencement by service. The Court noted that in such circumstances, it is the Legislature not the judiciary, that must bring such statutory provisions in line with CPLR 304.
Therefore, this court views Spodek as standing for the proposition that such statutory provisions, such as ECL 19-0511 (2) (b), that still specifically refer to commencement by service are excluded from the commencement by filing rule in accordance with CPLR 101. Until the Legislature acts, this court finds that it is bound by the plain and unambiguous language of ECL 19-0511 (2) (b). Accordingly, the court finds that petitioners’ challenge to the Air Permit issued to NYCE must be dismissed on the ground that it was not timely commenced by service on the respondents within the prescribed two-month statute of limitations period.
Turning to petitioners’ challenge to the CND that was issued on January 10, 2000, DEC contends that a SEQRA declaration is not a final agency determination subject to judicial review, but merely a preliminary step in the decision-making process. DEC contends that a SEQRA declaration is not ripe for judicial review until a permit is issued or an approval is given for a proposed project which occurred in this instance with the issuance of the Air Permit. As a result, DEC contends that if the proceeding had been timely commenced, then petitioners’ challenge to the CND could have been sustained as well. However, because the challenge to the Air Permit is time barred, DEC contends that review of the CND is also precluded.
*53 Petitioners agree with DEC’s position that the CND was not ripe for review until the Air Permit was issued. However, DEP contends that the last CND became ripe for review when it was issued and that since petitioners did not commence a CPLR article 78 proceeding to challenge the CND within four months of its issuance, or, at the latest, within four months from the end of the comment period in accordance with CPLR 217 (1), petitioners’ challenge to the CND has long since been time barred.
Pursuant to either DEC’s and petitioners’ position or DEP’s position, petitioners’ challenge to the CND must be dismissed as time barred. For the sake of correctness, however, the Court finds that DEC and petitioners have advanced the appropriate position. It is recognized that SEQRA determinations are often preliminary steps in a project’s decision-making process, and the statute of limitations begins to run only when that decision-making process is completed, i.e., when the determination is final and binding. (Matter of J.B. Realty Enter. Corp. v City of Saratoga Springs, 270 AD2d 771, 773 [3d Dept 2000].) The determinative inquiry is when the agency has committed itself to a definite course of future action. (Id.) Stated another way, a proceeding challenging a determination based on alleged violations of SEQRA is to be commenced within the applicable time limit following a decision that renders final the consideration of SEQRA issues and commits the body or agency involved to a course of action that could affect the environment. (See e.g. Matter of Save the Pine Bush v Zoning Bd. of Appeals, 220 AD2d 90 [3d Dept 1996]; see also Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation, 260 AD2d 920 [3d Dept 1999]; Matter of PVS Chems. v New York State Dept. of Envtl. Conservation, 256 AD2d 1241 [4th Dept 1998]; Matter of Young v Board of Trustees, 221 AD2d 975, affd 89 NY2d 846 [1996]; Village of Skaneateles v Board of Educ., 180 Misc 2d 591 [Sup Ct, Albany County 1999].) Moreover, SEQRA regulations clearly contemplate that a negative declaration is a nonfinal assessment which can be amended or even rescinded due to project changes or new information that develops during the course of the project review up to the decision to undertake, fund or approve a project. (See 6 NYCRR 617.7 [e] [1]; [f] [1].)
In this instance, the NISA Project did not receive final approval and therefore could not proceed and have any affect on the environment until DEC issued the Air Permit. In other words, petitioners were not aggrieved or did not sustain an actual, concrete injury until the issuance of Air Permit gave *54 NYCE the ability to proceed, with its project. (Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation, supra; Matter of PVS Chems. v New York State Dept. of Envtl. Conservation, supra.) Thus, it is clear that petitioners could not challenge the CND until December 18, 2000. The Court finds that petitioners’ commencement of the proceeding by service on respondents beyond the applicable two-month statute of limitations barred such challenge.
Accordingly, DEC’s motion to dismiss the petition in its entirety is granted. DEP’s motion to dismiss the petition is also granted but based on the grounds enunciated in this decision and order. For the same reasons, the petition is also dismissed as against NYCE.