Marsh Sanctuary, Inc. v Town of Mount Kisco (2025 NY Slip Op 04899)

Marsh Sanctuary, Inc. v Town of Mount Kisco

2025 NY Slip Op 04899

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01463
 (Index No. 60669/20)

[*1]Marsh Sanctuary, Inc., et al., appellants,
v
Town of Mount Kisco, et al., respondents, et al., defendants.

Kaufman Dolowich, LLP, White Plains, NY (Daniel E. Katz of counsel), for appellants.
McCarthy Fingar LLP, White Plains, NY (Robert H. Rosh and Daniel Pozin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated December 7, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants Town of Mount Kisco, Village of Mount Kisco, Board of Trustees of the Village/Town of Mount Kisco, Planning Board of the Village/Town of Mount Kisco, and Zoning Board of Appeals of the Village/Town of Mount Kisco which were pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought declaratory relief with respect to the use of a certain property for a Tier 3 solar power plant and related injunctive relief insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2020, the plaintiffs commenced this action against the Town of Mount Kisco, the Village of Mount Kisco, the Board of Trustees of the Village/Town of Mount Kisco, the Planning Board of the Village/Town of Mount Kisco, and the Zoning Board of Appeals of the Village/Town of Mount Kisco (hereinafter collectively the Mount Kisco defendants), among others, for certain declaratory and injunctive relief related to Local Law No. 6-2018 of the Village/Town (hereinafter the Solar Law), enacted in November 2018, and certain property located in the Village/Town (hereinafter the subject property). As relevant herein, the plaintiffs sought, inter alia, a judgment
declaring that a portion of the Solar Law effectively authorizing the subject property, which is located within a conservation district and a suggested "Scenic Overlay Zone" as set forth in a 2000 comprehensive plan of the Village/Town, to be used for a Tier 3 solar power plant is invalid on the ground that it constitutes illegal spot zoning. The plaintiffs further sought to permanently enjoin the Mount Kisco defendants from granting a special use permit authorizing the use of the subject property for a Tier 3 solar power plant and any related variances.
In April 2023, the Mount Kisco defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought a judgment declaring that the portion of the Solar Law effectively authorizing the subject property to be used for a Tier 3 solar power plant is invalid and related injunctive relief insofar as asserted against them for failure to serve a notice of claim. In an order dated December 7, 2023, the Supreme Court, inter alia, granted those [*2]branches of the Mount Kisco defendants' motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the notice of claim requirements of CPLR 9802 pertaining to villages apply to so much of the complaint as sought declaratory and injunctive relief (see id.; Solow v Liebman, 175 AD2d 867, 868-869; see also Matter of BT Holdings, LLC v Village of Chester, 162 AD3d 881, 881; Greco v Incorporated Vil. of Freeport, 223 AD2d 674, 674). Also contrary to the plaintiffs' contention, service of a notice of claim on the Mount Kisco defendants in accordance with CPLR 9802 was required despite the conterminous status of the Village and Town, since, in accordance with Village Law § 17-1703, the Village voters determined that the local government of the Village/Town shall operate principally as a Village.
Further, contrary to the plaintiffs' contention, the "public interest" exception to the notice of claim requirement is not applicable to this action (Mills v County of Monroe, 59 NY2d 307, 308; see Matter of Fotopoulos v Board of Fire Commrs. of the Hicksville Fire Dist., 161 AD3d 733, 734; Doyle v Board of Educ. of Deer Park Union Free School Dist., 230 AD2d 820, 820; cf. Matter of Rampello v East Irondequoit Cent. School Dist., 236 AD2d 797, 798; Village of Skaneateles v Board of Educ. of Skaneateles Cent. School Dist., 180 Misc 2d 591, 593-594 [Sup Ct, Albany County]). Moreover, the "judicial economy" exception to the notice of claim requirement (Salesian Socy. v Village of Ellenville, 41 NY2d 521, 526) does not apply to this action (cf. id.; Amerada Hess Corp. v Acampora, 109 AD2d 719, 720; see generally Rowe v NYCPD, 85 AD3d 1001, 1002).
Accordingly, the Supreme Court properly granted those branches of the Mount Kisco defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought a judgment declaring that the portion of the Solar Law effectively authorizing the subject property to be used for a Tier 3 solar power plant is invalid and related injunctive relief insofar as asserted against them.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court