■ In the Matter of PHIL CARUSO, as President of the Patrolmen's Benevolent Association of the City of New York, Inc., et al., Appellants, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment of the Supreme Court, New York County (Ira Gammerman, J.),

entered February 14, 1989, which denied petitioners' motion to annul respondent's determination and dismissed the petition, unanimously affirmed, without costs.

Respondent denied petitioners' members the benefit of accrued overtime for pension purposes. Petitioners' position is that when a member retires, such overtime which has not been compensated by cash must be factored into the final salary base. (The base itself will depend on whether the member is tier I or tier II under the pension plan and is not itself relevant to the issue on review.) Petitioner relies upon its interpretation of section 2 of the 1985 amendment to the Fair Labor Standards Act (Pub L 99-150) as a limitation on Retirement and Social Security Law § 431, which expressly excludes such lump-sum payments from the calculation of pensions. Respondent's position, set forth in a 1988 memorandum opinion from the New York City Corporation Counsel, is that when accrued overtime is cashed in by the retiring member, the retiree is deemed to receive termination pay, which is not included with final average salary for computing pension benefits, rather than actual salary.

Deference must be given to an agency's statutory construction of statutes which the agency administers if such construction is not irrational *(Matter of Albano v Kirby,* 36 NY2d 526, 532), a principle which applies to pension cases *(see, Matter of Clanton v Spinnato,* 131 AD2d 475, 477, *lv denied* 70 NY2d 606). We cannot conclude that respondent's interpretation was either irrational or unsupported by substantial evidence. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.