■ In the Matter of WILLIAM CONBOY et al., on Behalf of Themselves and All Other Retired Police Officers Similarly Situated, Appellants, v DAVID M. DINKINS, as Mayor of the City of New York, et al., Respondents. [635 NYS2d 28] —Order and judg-

ment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered August 23, 1994, which denied petitioners' application pursuant to CPLR article 78 seeking to compel respondents to pay them variable supplemental retirement coverage and health benefits, unanimously affirmed, without costs.

Petitioners maintain that when they exercised their option pursuant to chapter 666 of the Laws of 1990 to transfer their membership from the Police Pension Fund to the retirement system of a second public employer and agreed to cessation of their police pensions until retirement from that second employment, they did not waive their entitlement to Variable Supplements Fund benefits and City health insurance coverage. However, we find that because petitioners no longer receive police pensions, they no longer satisfy the definition of "eligible pension fund beneficiary" so as to qualify for Variable Supplements Fund benefits and they no longer satisfy the definition of "City retiree" so as to qualify for health insurance coverage from the city. Deference must be given to an agency's construction of statutes which the agency administers if such construction is not irrational (*Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Caruso v Ward,* 160 AD2d 557, *lv denied* 76 NY2d 704). Respondents' interpretation in this matter has a rational basis. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.