Matter of Colon v Teachers' Retirement Sys. of the City of N.Y. (2022 NY Slip Op 05947)

Matter of Colon v Teachers' Retirement Sys. of the City of N.Y.

2022 NY Slip Op 05947

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 159317/20 Appeal No. 16521 Case No. 2021-03148 

[*1]In the Matter of Anne Marie R. Colon, Petitioner-Respondent,
v
Teachers' Retirement System of the City of New York, Respondent-Appellant, Yvonne Davalos, In Her Capacity as Guardian of Minor Child B.C.B., Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for appellant.
Smith & Downey, P.A., Baltimore, MD (Kerstin M. Miller of the bar of the State of Maryland and District of Columbia, admitted pro hac vice, of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 14, 2021, granting the petition to annul respondent's August 10, 2020 determination, which denied petitioner's application for ordinary death benefits under the decedent's pension plan to the extent of directing respondent to pay the ordinary death benefits to petitioner and to recalculate the accidental death benefits to the decedent's statutory beneficiary, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
Petitioner was not entitled to ordinary death benefits pursuant to the May 2020 amendments to the Retirement and Social Security Law enacted in response to the COVID-19 pandemic (see Retirement and Social Security Law former § 607-i, as added by L 2020, ch 89, § 4). The amended statute provided that a "member's statutory beneficiary shall receive an accidental death benefit" if the member passed away from COVID-19, but that such benefit "shall be reduced by any amount paid by such member's retirement system to any recipient of ordinary death benefits" (§ 607-i [a], [b]). Applying the plain language of the statute, the decedent's statutory beneficiary was entitled to unreduced accidental death benefits because petitioner, the designated beneficiary, had not yet been paid any ordinary death benefits. Supreme Court's interpretation that the statute required payment of ordinary death benefits to designated beneficiaries who "should have been paid" improperly "amend[ed the] statute by inserting words that are not there" (Myers v Schneiderman, 140 AD3d 51, 58 [1st Dept 2016] [citation omitted], affd 30 NY3d 1 [2017]; see also Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62 [2013]).
The suspension of petitioner's application for ordinary death benefits to afford the statutory beneficiary an opportunity to file a claim for accidental death benefits was appropriate. Respondent's interpretation of the amended statute as prioritizing statutory beneficiaries' claims was not irrational and entitled to deference (see Matter of Caruso v Ward, 160 AD2d 557, 558 [1st Dept 1990], lv denied 76 NY2d 704 [1990]; see also CPLR 7803[3]), especially in view of the amendments' purpose of "provid[ing] . . . accidental death benefits to the statutory beneficiaries of all public employees" who passed away from COVID-19 (Senate Introducer's Mem in Support, Bill Jacket, L 2020, ch 89 at 8).
Petitioner's contention that the amended statute, as construed by respondent, violated the State Constitution's Pension Impairment Clause is unavailing, as petitioner failed to show that the retirement benefits and associated rights were "diminished or impaired" (NY Const, art V, § 7 [a]; see Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d 653, 658 [1988]).
We have considered petitioner's remaining contentions [*2]and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022